## Donald TATRO

v.

## Michael DiPANNI and Steven Mann.

### No. 96–613 Appeal.

Supreme Court of Rhode Island.

Jan. 28, 1998.

Stephen M. Prignano, Kimberly Ann O'Connell, Providence.

Randolph Bart Totten, Providence.

## ORDER

The plaintiff, Donald Tatro, appeals from a Superior Court judgment granting the defendants' motion to dismiss for lack of prosecution. Following a prebriefing conference, both parties were ordered to show cause why the issues raised in this appeal should not be summarily decided. No cause having been shown, a panel of this court proceeds to decide the issues presented by this appeal.

The plaintiff commenced this action on August 1, 1991. The basis of the complaint was that plaintiff claimed he retained a security interest in the payments owed by the defendants, Michael DiPanni and Steven Mann, to a third party pursuant to a buy-sell agreement. The plaintiff alleged that defendants had knowledge of plaintiff's security interest and initiated a fraudulent conveyance by making payments to this third party in violation of plaintiff's perfected security interest.

Although both defendants filed answers to the complaint in September of 1991, no party took any further action in this case for over five years until October 7, 1996, when the defendants filed a motion to dismiss for lack of prosecution pursuant to Super.R.Civ. 41(b).

A Superior Court hearing justice granted the motion on November 6, 1996 and plaintiff filed a timely appeal. The plaintiff argues on appeal that the trial justice abused his discretion in granting the motion to dismiss based solely upon the five-year delay in plaintiff's prosecution of the action. He contends that the trial justice erred in failing to consider whether the defendants suffered any prejudice as a result of the delay.

"Abuse of discretion is the applicable standard to be used by us when reviewing a trial justice's dismissal of a civil action for lack of prosecution pursuant to Super.R.Civ.P. 41(b)(2)." *Hyszko v. Barbour,* 448 A.2d 723, 726 (R.I.1982). Rule 41(b)(1) provides in pertinent part:

"The court may, in its discretion, dismiss any action for lack of prosecution where the action has been pending for more than 5 years, or, at any time, for failure of the plaintiff to comply with these rules or to proceed when the action is reached for trial."

Rule 41(b)(2) provides:

"On motion of the defendant the court may, in its discretion, dismiss any action for failure of the plaintiff to comply with these rules or any order of court or for lack of prosecution as provided in paragraph (1) of this subdivision."

The plaintiff relies upon *Scittarelli v. Providence Gas Co.,* 415 A.2d 1040, 1042 (R.I. 1980), for the proposition that mere delay is not enough to warrant a dismissal for lack of prosecution. However, in contrast to the situation in *Scittarelli,* the defendants in this case have complained that the passage of time caused them to suffer prejudice. For example, they contend that one of their key witnesses sustained a heart attach during the period of delay and moved out of the jurisdiction. Thus, this was a situation involving more than mere delay.

The plaintiff also suggests that the trial justice erred in failing to consider that the delay was due to excusable neglect. The plaintiff represented that he has had several attorneys representing him in this case because of personnel turnover in the law firm that had employed his attorneys. As a result, he suggests that his prosecution of this lawsuit was delayed. But the defendants note that the plaintiff had also filed a related action against Pamco, Inc., a company owned by defendants. It is undisputed that this related action has proceeded without delay. Thus, notwithstanding the above-referenced turnover, it appears that the plaintiff and his lawyers chose to prosecute another related case while they permitted this action to languish. The plaintiff did not move to consolidate these actions for discovery purposes, nor did he seek a stay or other relief to avoid the potential dismissal consequences of failing to prosecute this case while he was pursuing the other lawsuit.

Based upon the above-described circumstances, the trial justice was entitled to conclude that the equities of this situation warranted dismissal. For these reasons, the

plaintiff's appeal is denied and dismissed and the judgment below is affirmed.

LEDERBERG and BOURCIER, JJ., did not participate.