Ronald HARVEY et al.

v.

TOWN OF TIVERTON et al.

No. 99–63–Appeal.

Supreme Court of Rhode Island.

Jan. 9, 2001.

Thomas R. Noel, Providence, for Plaintiff.

Melody A. Alger, Jeremiah R. Leary, Tiverton, Jeffrey C. Schreck, Providence, James A. Donnelly, Jr., Fall River, MA, Vernon L. Gorton, Eric Paul Chappell, Portsmouth, Peter Mathieu, Craig M. Scott, Providence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

Failure to prosecute civil claims in a timely fashion resulted in the dismissal of this case. The plaintiffs, Ronald Harvey, Manuel Melo, Harmel Corp., and The Hot Spot, Inc., appeal from the judgment that dismissed their complaint under Rule 41(b)(2) of the Superior Court Rules of Civil Procedure for failure to prosecute. The plaintiffs contend that the trial justice abused her discretion in dismissing the action. Following a prebriefing conference, a single justice of this Court directed the parties to show cause why the appeal should not be summarily decided. Because they have not done so, we proceed to decide the appeal at this time.

On November 16, 1988, plaintiffs filed this action against defendants, Town of Tiverton, Tiverton Board of License Commissioners, Everett Lane, Jr., Roy P. Bolduc, Claudette J. Linhares, Tiverton Zoning Board of Review, Louise Durfee, Barbara Cruz, Wilford B. Eccles, and Raymond Dias. The complaint sought a declaratory judgment, a writ of mandamus, and damages under 42 U.S.C. § 1983, among other requests for relief. The plaintiffs alleged that defendants had violated their constitutional rights and interfered with plaintiffs' advantageous business relations and contractual rights. They claimed that defendants had colluded to block plaintiffs' attempts to acquire building permits and a liquor license for their proposed banquet facility. The plaintiffs had been embroiled in a protracted process to acquire a liquor license and to obtain approval from the Tiverton

Zoning Board for operating their proposed banquet facility. Eventually, through litigation, they succeeded in winning such approvals. *See Harmel Corp. v. Zoning Board of Review of Tiverton,* 603 A.2d 303 (R.I.1992). Nevertheless, plaintiffs alleged in their complaint, defendants continued to deny them a liquor license on other grounds, even after the conclusion of plaintiffs' successful litigation.

■ "Abuse of discretion is the applicable standard to be used by [this Court] when reviewing a trial justice's dismissal of a civil action for lack of prosecution pursuant to Super.R.Civ.P. 41(b)(2)." *Hyszko v. Barbour,* 448 A.2d 723, 726 (R.I. 1982). "In reviewing a trial justice's ruling on a motion to dismiss pursuant to Super.R.Civ.P. 41(b)(2), this [C]ourt determines 'whether [her] findings are supported by the evidence or whether in making such findings [she] misconceived or overlooked any material evidence.'" *Finney Outdoor Advertising Co. v. Cordeiro,* 485 A.2d 910, 911 (R.I.1984). "The primary responsibility for moving a case on for trial rests with the plaintiff[s] and [their] attorneys, not the defendants or the trial court." *Hyszko,* 448 A.2d at 726. Under Rule 41(b)(1), "[t]he court may, in its discretion, dismiss any action for lack of prosecution where the action has been pending for more than 5 years, or, at any time, for failure of the plaintiff to comply with these rules or to proceed when the action is reached for trial." Rule 41(b)(2) next provides that "[o]n motion of the defendant the court may, in its discretion, dismiss any action for failure of the plaintiff to comply with these rules or any order of court or for lack of prosecution as provided in paragraph (1) of this subdivision."

■ Mere delay is not enough to warrant dismissal for lack of prosecution. *Scittarelli v. Providence Gas Co.,* 415 A.2d 1040, 1042 n. 1 (R.I.1980) (citing *Manton Industries, Inc. v. Providence Washington Indemnity Co.,* 113 R.I. 198, 202, 319 A.2d 355, 358 (1974)). Although the trial court must weigh the equities between the parties, *see id.,* it need not view the evidence in a light most favorable to the plaintiffs. *See J.K. Social Club v. J.K. Realty Corp.,* 448 A.2d 130, 133 (R.I.1982). In considering a motion to dismiss for failure to prosecute, the court is "required to weigh conflicting interests. On the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay. On the other hand, there is the desire to dispose of cases on their merits." *Hyszko,* 448 A.2d at 726.

■ In this case, we conclude that the trial justice did not abuse her discretion in dismissing the case for failure to prosecute. The plaintiffs had not initiated any action on the case in approximately eight years. The fact that plaintiffs finally requested a deposition after eight years did not prevent the trial justice from dismissing the case for failure to prosecute because the length of inactivity exceeded the statutory five-year period. *See Manton Industries, Inc.,* 113 R.I. at 201–02, 319 A.2d at 357–58; *see also Hyszko,* 448 A.2d at 726. Since the filing of plaintiffs' complaint, two defendants had died and one had relocated to Florida. Although not all these events were attributable in whole or in part to the delay in plaintiffs' prosecution of this case, at least some of them were. In any event, the trial justice did not err in concluding that, in the aggregate, the delay had prejudiced defendants. Because the complaint alleged that defendants had engaged in a conspiracy to violate their rights, the actions of one coconspirator could be attributed to the other defendants. In these circumstances, the fact that one or more of the alleged key conspirators no longer were available to testify at trial was a consideration that weighed in favor of dismissal.

The evidence before the trial justice concerning the plaintiffs' financial difficulties also could have led her to conclude that

the plaintiffs' excuses for their inactivity on the case were somewhat overstated, if not altogether disingenuous. Indeed, some evidence suggested that, despite their claimed inability to pay their lawyers, at least one or more plaintiffs possessed the financial means to pursue this action. Although the trial justice's weighing of the equities was not exhaustive, nevertheless she articulated the relevant factors that caused her to exercise her discretion in favor of dismissing the case for failure to prosecute. The death or relocation of certain defendants who were key members of the alleged conspiracy demonstrated that the prejudice to the defense of this case involved more than mere delay. *Cf. Tatro v. DiPanni*, 712 A.2d 875, 876 (R.I.1998) (mem.) (explaining that defendants suffered prejudice from delay in the plaintiff's prosecution of the case when a key witness suffered a heart attack and moved out of the jurisdiction).

After reviewing the record, we conclude that the trial justice did not abuse her discretion. Thus, we deny the plaintiffs' appeal and affirm the judgment in favor of the defendants.