DECISION
The plaintiffs, Sao Reality, Inc. ("Sao") and its owner, Manuel Rodriquez ("Rodriquez") (collectively "Plaintiffs"), move for summary judgment in the within action. In their motion, Plaintiffs seek summary judgment against a number of defendants for damages stemming from a real estate transaction. Defendants Delta Financial Corporation ("Delta") and Craig Rapoza ("Rapoza") have filed a motion to dismiss the case for failure to prosecute. Rapoza has also filed an objection to the Plaintiffs motion for summary judgment. Jurisdiction is pursuant to G.L. 1956 § 8-2-14.
 FACTS AND TRAVEL
In 1996, Second Street Realty, LLC ("Second Street") bought three properties in the City of East Providence, Rhode Island, from Sao. Sao is owned by Rodriquez. This purchase was secured by two mortgages. One mortgage was held by Plaintiffs, and one was held by Delta. Rapoza was the principal for Second Street, and Peter D'Amico ("D'Amico") was the buyer's attorney, closing attorney, and attorney for Delta. Joseph Barron ("Barron")[1] was the sole stockholder of Delta. Leo Attilli ("Attilli") was Delta's attorney. Barron died in September of 2001, and Attilli died in 2006.
Plaintiffs allege that D'Amico collaborated with Delta, Second Street, and Rapoza to alter the mortgages to give Delta a first mortgage and Plaintiffs a second mortgage. Plaintiffs did not consent to this change. In 1998, Plaintiffs undertook receivership proceedings regarding Second Street, and a receiver was appointed during that year.
During the proceedings, a number of relevant findings were made. First, the sitting justice found that D'Amico had fraudulently altered the mortgages. Plaintiffs' mortgage was moved to first position, and Delta's mortgage was completely disallowed following a finding that no evidence showed that such a mortgage had ever existed. Plaintiffs' claim of $470,633.52 was allowed, and accordingly, Plaintiffs bought back the relevant properties for a credit bid of $300,000. After doing so, a deficiency of $170,633.52 remained as of December 22, 1999. After the addition of interests, costs, and expenses, Plaintiffs were owed a deficiency of $305,603.04.
In 2000, Plaintiffs filed the present action against all pertinent parties. Three counts are included in their complaint. First, Plaintiffs seek damages from Second Street and Rapoza for the deficiency. Second, Plaintiffs seek damages stemming from the illicitly altered mortgages from Second Street, Rapoza, Delta, D'Amico, D'Amico Litwein, Professional Corporation, and Barron (who, as noted above, is now deceased). Third, Plaintiffs seek damages against D'Amico for breach of fiduciary duty. The claims against D'Amico (including those against D'Amico Litwein) were mediated and settled in 2005 for $125,000.
Delta has filed a motion to dismiss Plaintiffs' action for failure to prosecute. Plaintiffs have moved for summary judgment against the remaining defendants. Rapoza has filed an objection to Plaintiffs' motion.
 MOTION TO DISMISS Parties' Arguments
Delta claims that it has been prejudiced because Plaintiffs have not prosecuted the matter in any form since 2000. Accordingly, Delta argues that it is entitled to dismissal under G.L. 1956 § 9-8-3. As noted above, Barron, Delta's only stockholder, died in 2001, and Attilli, Delta's attorney, died in 2006. According to Delta, Attilli "had a substantial knowledge and understanding of this case" and held all of the case files which have not yet been located (Def.[s] Mot. to Dismiss at 2). Delta ceased doing business in 2001, although it stayed open until 2004 to wind down. Its corporate charter has been revoked.
Plaintiffs have countered that this action was commenced at a point when the receivership proceeding had not yet concluded. Judgment was rendered for that action May 24, 2002, and, according to Plaintiffs, those judgments "had a direct bearing on the issues presented in this case." Mem. of Pl. for Summ. J. andin Opp'n to Mot. to Dismiss of Defs, Craig F. Rapoza and DeltaFinancial Corp. at 8. Plaintiffs also argue that Barron's death is irrelevant because the previous justice disallowed Delta's claim. Plaintiffs next argue that Delta has failed to explain the relevance of Attilli's missing files, i.e., that Delta has not stated the contents of the files and how they would help Delta's case. Among Plaintiffs' other claims, the only argument this Court finds sufficiently relevant to address is that Delta is not a defunct corporation. The Rhode Island Secretary of State's website indicates that it is active as of October 25, 2006.
 Standard of Review and Analysis
"In considering a motion to dismiss for failure to prosecute, the court is `required to weigh conflicting interests. On the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay. On the other hand, there is the desire to dispose of cases on their merits.'"Harvey v. Town of Tiverton, 764 A.2d 141, 143 (R.I. 2001) (quoting Hyszko v. Barbour, 448 A.2d 723, 726 (R.I. 1982)). "`The primary responsibility for moving a case on for trial rests with the plaintiff and his or her attorneys, not the defendant or the trial court.'" Bergeron v. Roszkowski, 866 A.2d 1230, 1237
(quoting Hyszko, 448 A.2d at 726). In addition, "[m]ere delay is not enough to warrant dismissal for lack of prosecution."Harvey, 764 A.2d at 143 (citing Scittarelli v. Providence GasCo., 415 A.2d 1040, 1042, n. 1 (R.I. 1980)). Notably, inScittarelli, the trial court's denial of defendant's motion to dismiss for lack of prosecution was upheld even though "thelapse [was] fourteen years." 415 A.2d at 1042, n. 1. The court held that the trial court had not abused its discretion because the defendant did not put forth any evidence that the passage of time was prejudicial. See id.
In the present matter, the Court notes that the previous court has already considered the evidence, has concluded that Plaintiffs have the only valid mortgage, and has determined that at least one of the relevant parties committed fraud. As such, it is clear that substantial progress has been made toward the resolution of this case. In addition, while the deaths of Barron, Delta's principal, and Attilli, its former attorney, are unfortunate, they do not constitute prejudice sufficient to warrant dismissal. Also, this action is only six years old. Of those six years, Plaintiffs waited nearly two years until the receivership proceeding was finalized. This matter is well on its way towards resolution, and nothing has transpired which merits dismissal for failure to prosecute. Accordingly, Delta's motion to dismiss for failure to prosecute is denied.
 MOTION FOR SUMMARY JUDGMENT Parties' Arguments
Plaintiffs argue that they are entitled to summary judgment based on res judicata and collateral estoppel. The previous justice has already expressly disallowed Delta's claim, allowed Plaintiffs' claim, found that D'Amico fraudulently doctored the mortgages, and placed Plaintiffs' mortgage in first position. Plaintiffs argue that these decisions entitle them to summary judgment. Rapoza opposes the motion on the grounds that a receivership is designed to establish the priority of creditors and is not considered to be a final judgment. He also argues that res judicata and collateral estoppel do not apply as the receivership proceeding was limited to priority of the mortgages and did not pertain to liability and damages.
 Standard of Review and Analysis
"Summary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings and other documentary matter . . . that he or she is entitled to a judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v. Burrillville Racing Association,603 A.2d 317, 320 (R.I. 1992) (citing Steinberg v. State,427 A.2d 338 (R.I. 1981); Ludwig v. Kowal, 419 A.2d 297 (R.I. 1980)); see also Super. R. Civ. P. 56. During a summary judgment proceeding, "the court does not pass upon the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion." Palmisciano, 603 A.2d at 320 (citing Lennon v.MacGregor, 423 A.2d 820 (R.I. 1980)). The court's objective during the "summary judgment procedure is issue finding, not issue determination." Industrial National Bank v. Peloso,397 A.2d 1312, 1313 (R.I. 1979) (citing O'Connor v. McKanna,359 A.2d 350 (R.I. 1976); Slefkin v. Tarkomian, 238 A.2d 742 (R.I. 1968)). In other words, "`[t]he purpose of the summary-judgment procedure is to identify disputed issues of fact necessitating trial, not to resolve such issues.'" Weaver v. Am. PowerConversion Corp., 863 A.2d 193, 197 (R.I. 2005) (quotingRotelli v. Catanzaro, 686 A.2d 91, 93 (R.I. 1996)). As such, "the only task of a trial justice in ruling on a summary judgment motion is to determine whether there is a genuine issue concerning any material fact." Industrial National Bank,397 A.2d at 1313 (citing Rhode Island Hospital Trust National Bankv. Boiteau, 376 A.2d 323 (R.I. 1977)).
However, "a party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions of legal opinions." Accent Store Design, Inc. v. Marathon House,Inc., 674 A.2d 1223, 1225 (R.I. 1996) (citing Manning AutoParts, Inc. v. Souza, 591 A.2d 34, 35 (R.I. 1991)). Thus, "they have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." Bourg v. BristolBoat Co., Inc., 705 A.2d 969, 971 (R.I. 1998) (citing St. PaulFire Marine Insurance Co. v. Russo Brothers, Inc.,641 A.2d 1297, 1299 (R.I. 1994); Super. R. Civ. P. 56(e)).
Rapoza has argued that res judicata and collateral estoppel do not apply to receivership proceedings and points to C HConstruction Paving Co. v. Citizens Bank, 93 N.M. 150, 160-161
(N.M.Ct.App. 1979) to support this claim. In that case, the court noted that "[i]t is well established that the doctrines of res judicata and collateral estoppel apply only to final judgments . . . [t]herefore, no res judicata or collateral estoppel claim can be based upon . . . receivership proceedings."Id. at 160-161 (citations omitted). However, this conclusion was reached because the court held that "[a]n order appointing a receiver is not a final judgment." Id. at 161 (citations omitted). Rapoza's reliance on C H Construction Paving Co.
is misplaced. Assuming, arguendo, that the assignment of a receiver is not a final judgment, it does not automatically follow that the outcome of receivership proceedings is not either. In this case, the finality of the judgment is especially clear because there was no appeal of the previous justice's 1999 order. In seeking summary judgment, Plaintiffs are not using the previous court's order appointing a receiver, but are using his order expressly finding fraud and disallowing Delta's claim. Accordingly, Rapoza's argument fails.
Even assuming res judicata does not apply, Plaintiffs need not rely on said doctrine in order to obtain summary judgment against Second Street on the deficiency count. It is undisputed that Plaintiffs held a mortgage on the three properties. It is further undisputed that they were the only holders of a mortgage, as the Delta mortgage was disallowed. It is also undisputed that Plaintiffs purchased back the property and are owed a deficiency. On the other hand, Rapoza has offered no evidence demonstrating that such a deficiency is not owed to Plaintiffs. As such, Plaintiffs have sustained their burden of proof as to the liability of Second Street on the deficiency count.
Also, regarding Plaintiffs' claim that Rapoza signed a personal guarantee on the mortgage, Rapoza's statement on the promissory note to Delta states that "Second Street Realty, LLC., . . . of 194 Waterman Street, Providence, Rhode Island and Craig F. Raposa [sic] of 515 Broadway, Provdience [sic], Rhode Island (hereinafter jointly referred to as "Borrower") promises to pay to DELTA FINANCIAL CORPORATION . . . SIXTY THOUSAND ($60,000.00) DOLLARS." Plaintiff's Exhibit #4-ID.
Rapoza also signed the document twice, both as "Craig F. Rapoza, Managing Member, Second Street Realtly, [sic] LLC." and "Craig F. Rapoza." Id. Under G.L. 1956 § 6A-3-116(a), "two or more persons who have the same liability on an instrument as makers, drawers, acceptors, indorsers who indorse as joint payees, or anomalous indorsers are jointly and severally liable in the capacity in which they sign." Pursuant to this statute, this Court finds that the language in the promissory note, combined with the dual signature, evidences that Rapoza personally guaranteed the mortgage. Accordingly, summary judgment is granted with respect to the claim for deficiency damages against Second Street and against Rapoza.
With respect to the claim for damages arising from the fraudulently altered mortgage, even assuming that res judicata or collateral estoppel applies, Plaintiffs have failed to show how the court's 1999 decision implicates anyone besides D'Amico who, having settled with the Plaintiffs, is no longer a part of this action. Nowhere does the previous court hold that anyone but D'Amico acted in a fraudulent manner. Accordingly, summary judgment is denied with respect to this claim.
 CONCLUSION
Based on the above analysis, the motion to dismiss for failure to prosecute is denied, summary judgment for damages arising from the deficiency is granted. Counsel shall enter an appropriate order consistent with this decision.
[1] The Court notes that Barron's name appears as "Baron" in some documents. As it is unclear from the record which spelling is accurate, the Court will use "Barron."