**Supreme Court**

No. 2014-126-Appeal.
(PC 08-626)
(Dissent begins on page 11)

Linda Cotter                      :

            v.                      :

Kevin Dias et al.                 :


NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2014-126-Appeal.
(PC 08-626)
(Dissent begins on page 11)

Linda Cotter                    :

v.                              :

Kevin Dias et al.               :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.**    The plaintiff, Linda Cotter, appeals from a

judgment in favor of the defendants, Kevin Dias, Walgreen Company, and Walgreen Eastern

Co., Inc., in this negligence action.  The plaintiff argues that the trial justice erred in denying her

motion for a continuance and in dismissing her complaint with prejudice under Rule 41(b) of the

Superior Court Rules of Civil Procedure.  This case came before the Supreme Court pursuant to

an order directing the parties to appear and show cause why the issues raised in this appeal

should not be summarily decided.  After considering the parties' written and oral submissions

and reviewing the record, we conclude that cause has not been shown and that this case may be

decided without further briefing or argument.  For the reasons set forth in this opinion, we vacate

the judgment and remand the case for a new trial.

## I

### Facts and Procedural History

On January 31, 2008, plaintiff filed a complaint in Superior Court against defendants

alleging that, on February 6, 2005, she was shopping at the Walgreens store on Broad Street in

Cranston when she was hit and injured by a ball that Dias, an employee of Walgreens, had

thrown. A second amended complaint, filed in June 2013, alleged that Dias had attempted to throw the ball to a co-worker. The case was eventually designated to court annexed arbitration, and an arbitration award was filed, but defendant Walgreen Eastern Co., Inc. rejected the award.[1] On October 4, 2012, plaintiff's attorney was allowed to withdraw and plaintiff proceeded pro se. After plaintiff failed to appear for a pretrial conference on February 22, 2013, her case was dismissed and a judgment entered in favor of defendants. On March 8, 2013, new counsel entered his appearance on behalf of plaintiff. Thereafter, plaintiff moved to vacate the judgment and the order granting same was entered on April 24, 2013.

This case was reached for trial on December 9, 2013. On December 10 and 11, 2013, the trial justice heard pretrial motions and held an extensive conference concerning the exhibits for the case, pursuant to Rule 16 of the Superior Court Rules of Civil Procedure. After the exhibits were labeled, plaintiff's counsel questioned the trial justice as to why he needed to make copies of the exhibits for the jury. The trial justice responded that during the Rule 16 conference she had "indicated to [plaintiff's counsel] that [he] needed to get [his] exhibits ready, marked [and] have them here * * * numbered and [his] copies made," and she reprimanded plaintiff's counsel because he had not had his exhibits with him the previous day. The trial justice added that plaintiff's counsel was more than half an hour late to court that day, the exhibits he had with him "were mixed up[, and] weren't numbered," and he had brought only one set of copies of the exhibits with him. On the record, the trial justice referenced the last trial she had with plaintiff's counsel, stating, "we had a dreadful time * * * when I released your exhibits to you so you could have copies made for the jury." The trial justice explained to plaintiff's counsel that "[i]t's to

---

[1] In defendants' prebriefing statement they assert that, following the arbitration, "it appeared that the parties agreed to a settlement," but that plaintiff "withdrew her consent to settle * * *." It is clear from the record, however, that defendant Walgreen Eastern Co., Inc. rejected the arbitrator's award.

[counsel's] benefit and [plaintiff's] benefit to have the jurors really understand the case and to have them have their own copies of the exhibits * * *." After plaintiff's counsel stated that he did not have copies for the jury, the trial justice responded: "That's fine. They'll have copies of the defense exhibits and not yours. Nothing I can do about that."[2]

The following day, plaintiff's counsel arrived to court at approximately 9:50 a.m. When the trial justice inquired why he was late, plaintiff's counsel responded that "nothing was put on the record * * * as far as what time [c]ourt was supposed to be." He added, "I asked your clerk * * * [and] [h]e said come around quarter of ten." The court clerk interjected, stating, "I didn't say that." Subsequently, the trial justice responded, "I met with you * * * in my chambers at the end of the day and I told you we had a real time issue with this case if we wanted to get it to trial. I told you to be here first thing at 9:30 * * *." The trial justice continued to chastise plaintiff's counsel in open court, stating "you've been late every day. You need to satisfy me very quickly that you're trial ready and we can move this case expeditiously." The trial justice added, "[y]ou haven't had your exhibits ready; you've made no copies. * * * I need to know if I bring that jury panel in now, I need to know I can get this case finished and not have to declare a mistrial." The plaintiff's counsel responded "[y]es," and the trial continued.

After the jury was empaneled and each side gave opening statements, plaintiff's counsel and the trial justice discussed whether certain witnesses would be providing "live" testimony or whether affidavits would be introduced in their place. In the middle of the discussion, plaintiff moved to dismiss her attorney from the case. The plaintiff told the trial justice: "And, I'm serious, your Honor. I cannot. I can't. * * * I apologize, your Honor. He doesn't speak to me

---

[2] We discuss the trial justice's comments concerning plaintiff's counsel merely to place the issue raised in this appeal in its proper context. Contrary to the suggestion of the dissent, we do not mean to imply that the trial justice's comments were either improper or unwarranted.

about anything. He doesn't even know what is going on in this case. * * * He doesn't have a clue. I'm sorry." The trial justice expressed concern that this was the third time the case had been "brought in" and stated that the case had been pending since 2005. The plaintiff responded that she could not move forward with her attorney unless he "can get it together." The trial justice responded that she was "not disputing" that plaintiff's counsel was disorganized, and she told plaintiff's counsel that she could "see why [plaintiff] has concerns." Thereafter, the court recessed for the day, allowing plaintiff time to further consider her motion to dismiss counsel.

The following day, plaintiff presented the court with a letter asking to terminate the engagement of her counsel and enumerating eight reasons in support of her request. She also entered an appearance on her own behalf. The defendants responded that, unless plaintiff could secure new counsel immediately or continue pro se, the discharge of her counsel should result in a mistrial because the case would need to start over with a new jury. The trial justice then opined that "[t]he only thing I could do for a continuance would be Monday or, possibly, the first Monday in January."

The plaintiff's counsel stated that he was ready for trial and indicated that a witness, plaintiff's treating physician, was present to testify. However, the court discharged plaintiff's attorney after granting plaintiff's motion. The plaintiff then informed the court that she had reached out to two attorneys. The plaintiff explained that she was hoping to retain one immediately, and she asked the court for a two-week continuance.

After confirming that plaintiff was not prepared to proceed pro se, the trial justice indicated that she was not inclined to continue the case with the same jury until after the holidays. She then suggested that her only options were to declare a mistrial or dismiss the case under Rule 41(b) "for failure to proceed at trial." After further colloquy with the parties and a

- 4 -

recess, the trial justice rendered her decision on "defendant's Rule 41(b) motion to dismiss and the plaintiff's motion to pass the trial and reset a new trial date."

In her bench decision, the trial justice noted that this case had been "reached for trial" on December 9, 2013; both attorneys having agreed to forty-eight hours prior notice to confirm the date. She further found that such notice had been given. On that morning, however, the trial justice had been informed by plaintiff's counsel that he had filed a petition for a writ of certiorari in the Supreme Court in an ill-fated attempt to seek a stay of the proceedings. The trial justice said that plaintiff herself was unaware of counsel's efforts to delay the trial.

The trial justice continued that plaintiff's counsel had insisted that his expert witnesses were not available on such short notice, but that he had declined her offer to entertain any motion for a continuance that he might file or the opportunity to videotape his experts' trial testimony. Rather, plaintiff's counsel "agreed that he would have his witnesses present and that he was ready to proceed." The trial justice then explained how "disorganized and contrarian" plaintiff's counsel was with respect to the trial exhibits. She noted that his behavior had been very similar in an unrelated proceeding in her courtroom a few weeks earlier, stating that "[i]t was all very torturous."

The trial justice further found that plaintiff's counsel was "chronically late," and on one occasion "point[-]blank lying" about what time he had been told to be present. She chastised him for complaining about his client, stating that he "bordered on divulging protected information, privileged information." With respect to plaintiff's request to discharge her attorney, the trial justice recognized that plaintiff "represented that she would move expeditiously to engage new counsel," but that she was not prepared to proceed either that day

(Friday) "or within a reasonable period of time, say, on Monday." The trial justice surmised that, if new counsel were retained, it would cause "significant and substantial delays."

The trial justice said that she was "sensitive to the fact that the plaintiff may have lost faith in her attorney" and that she understood plaintiff's concern, but she also noted that plaintiff had chosen him as her attorney. She also recognized that defendants would have to face additional delay, stating that "[e]very additional day of delay increases the risk of prejudice at this point." The trial justice then concluded that "the [c]ourt's need to manage its docket, the defendants' need for closure, the potential cause for further delay, and the public's need for expeditious resolution of litigation outweigh the desire to dispose of this particular case on its merits." Whereupon, she dismissed the case pursuant to Rule 41(b)(1) and (2) with prejudice. The plaintiff filed a timely notice of appeal.

## II

### Standard of Review

It is well settled that abuse of discretion is "the applicable standard to be used by [this Court] when reviewing a trial justice's dismissal of a civil action for lack of prosecution," pursuant to Rule 41(b). Coates v. Ocean State Jobbers, Inc., 18 A.3d 554, 558 (R.I. 2011) (quoting Bergeron v. Roszkowski, 866 A.2d 1230, 1236 (R.I. 2005)). Thus, "this Court must determine 'whether [the trial justice's] findings are supported by the evidence or whether in making such findings [the trial justice] misconceived or overlooked any material evidence.'" Id. (quoting Harvey v. Town of Tiverton, 764 A.2d 141, 143 (R.I. 2001)).

## III

### Discussion

On appeal, plaintiff argues that the trial justice erred in dismissing her action for lack of prosecution and in failing to grant her a continuance so that she might be afforded an opportunity to seek replacement counsel. The plaintiff avers that the trial justice "overlooked or misconceived the evidence presented" and did not properly weigh the "conflicting interests" in dismissing her action.

The defendants counter that the denial of plaintiff's motion to continue was "a proper exercise" of the trial justice's discretion, and that plaintiff's "dissatisfaction with counsel's handling of her case is an insufficient basis" to reverse the trial justice's decision. The defendants also argue that, pursuant to agency law, any negligence of counsel imputes to plaintiff. Furthermore, defendants contend that the trial justice properly weighed the equities between the parties, and they maintain that it was within the trial justice's discretion to dismiss the action.

Rule 41(b) sets forth the criteria for the involuntary dismissal of a civil action. It provides, in pertinent part, that (1) "[t]he court may, in its discretion, dismiss any action for lack of prosecution where the action has been pending for more than five (5) years, or, at any time, for failure of the plaintiff to comply with these rules or to proceed when the action is reached for trial," and (2) "[o]n motion of the defendant the court may, in its discretion, dismiss any action for failure of the plaintiff to comply with these rules or any order of court, or for lack of prosecution as provided in paragraph (1) of this subdivision."

"In considering a dismissal motion, a trial justice 'must weigh the equities between the parties.'" Coates, 18 A.3d at 560 (quoting Harvey, 764 A.2d at 143). "'On the one hand is the

- 7 -

court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay,' and '[o]n the other hand, there is the desire to dispose of cases on their merits.'" Id. (quoting Harvey, 764 A.2d at 143). When weighing the equities, the court "need not view the evidence in a light most favorable to the plaintiffs." Bergeron, 866 A.2d at 1237 (quoting Harvey, 764 A.2d at 143). Also, it is well settled in our jurisprudence that "[m]ere delay is not enough to warrant dismissal for lack of prosecution." Harvey, 764 A.2d at 143 (citing Scittarelli v. Providence Gas Co., 415 A.2d 1040, 1042 n.1 (R.I. 1980)).

In her decision, the trial justice noted that the case was reached for trial on December 9, 2013, but that plaintiff's counsel sought to stay the proceedings by filing a petition for writ of certiorari in the Supreme Court. The request for a stay was quickly denied and plaintiff's counsel indicated that he was ready to proceed and that he would have his witnesses present in court. A pretrial conference was then conducted with respect to the trial exhibits, at which the trial justice found plaintiff's counsel to be "disorganized and contrarian." She further found him to be "chronically late" and critical of his own client's claim for lost wages, suggesting that plaintiff's counsel "bordered upon divulging" privileged information. The trial justice stated that it was at this point that plaintiff interrupted "to indicate she wanted to fire her attorney." We agree with the trial justice that, under the circumstances, plaintiff's concerns with her counsel's performance were clearly understandable.

A mere delay, however, is not enough to warrant a dismissal for lack of prosecution. See Harvey, 764 A.2d at 143. There is no evidence here of deliberate delay or lack of good faith. Indeed, after a quixotic attempt to seek a stay in this Court, plaintiff's counsel stated that he was ready to proceed on the day that the case was originally reached for trial. Several days later, a

jury was empaneled and opening statements were made, during which plaintiff lost faith in her attorney. There is no evidence on the record to suggest that plaintiff was being disingenuous in order to prejudice defendants. To be sure, the actions of counsel are imputed to his or her client under the laws of agency. See Bailey v. Algonquin Gas Transmission Co., 788 A.2d 478, 484 (R.I. 2002). Nevertheless, we concur with the First Circuit Court of Appeals that "[d]ismissal with prejudice 'is a harsh sanction,' * * * which runs counter to our 'strong policy favoring the disposition of cases on the merits.'" Benjamin v. Aroostook Medical Center, Inc., 57 F.3d 101, 107 (1st Cir. 1995) (quoting Richmond v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971) and Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712 (1st Cir. 1977)).

In her decision, the trial justice cited several cases to support her dismissal under Rule 41(b)(1) and (2), all of which cases are distinguishable. In Tatro v. DiPanni, 712 A.2d 875, 876 (R.I. 1998) (mem.), this Court held that the situation involved more than mere delay where one of the defendants' "key witnesses sustained a heart attac[k] during the period of delay and moved out of the jurisdiction." In DeMascole v. Tatro, 673 A.2d 57, 60-61 (R.I. 1996), this Court upheld the trial justice's dismissal under Rule 41(b)(2) and refusal to grant a further continuance in a case that had been pending for eight and one-half years where the plaintiff had made no effort to depose a witness during the three-month continuance that had been granted after the case had initially been reached for trial. A failure to take any action whatsoever for a period of five years resulted in the dismissal of the defendant's counterclaims in DeCarli v. Webber, 784 A.2d 288, 291 (R.I. 2001). An eight-year complete hiatus of activity during which the two defendants died and one relocated led to a dismissal that we affirmed in Harvey, 764 A.2d at 143, 144, because "[t]he death or relocation of certain defendants who were key members of the alleged conspiracy demonstrated that the prejudice to the defense of this case involved more than

- 9 -

mere delay." In <u>Gosset v. Reid</u>, 764 A.2d 138, 139 (R.I. 2001), the trial justice granted eight separate continuances to defer the trial due to the plaintiff's chronic illness and inability to pay for experts. One of the plaintiffs had also refused to submit to a videotaped deposition of himself. <u>Id.</u> This failure "contributed as much to the dismissal of the case as did [the plaintiffs'] repeated failure to proceed when the case was reached for trial." <u>Id.</u> at 141. The failure to engage an expert witness was the primary cause of the dismissal of the plaintiff's case in a legal malpractice action in <u>Bergeron</u>, 866 A.2d at 1237. Finally, we have upheld the dismissal of a plaintiff's complaint because of her failure to complete discovery. <u>Coates</u>, 18 A.3d at 561.

In light of the unusual circumstances of this case, we are satisfied that the trial justice abused her discretion in dismissing plaintiff's complaint for lack of prosecution. This was not a situation involving a deliberate attempt to delay the trial or bad faith on the part of plaintiff or her counsel. After a very brief and unsuccessful effort to seek a stay of the proceedings, plaintiff's counsel announced that he was prepared to proceed and in fact had an expert witness present in court to testify. Moreover, a jury was empaneled and opening statements delivered, after which plaintiff, in obvious exasperation, announced that she wished to discharge her attorney. The following day, she provided a letter to the court succinctly summarizing her reasons. In her decision, the trial justice said that she understood plaintiff's concerns and characterized counsel's behavior at times as "mercurial" and "erratic." We also deem it significant that, in opposing any continuance and in ultimately moving for a dismissal, defendants pointed to no prejudice other than that inherent in any delay.

We can readily appreciate the frustration facing the trial justice in this case. We are of the opinion, however, that a dismissal with prejudice for lack of prosecution was too drastic a remedy under these circumstances. We hold, therefore, that the trial justice erred in granting the

defendants' motion to dismiss under Rule 41(b) and in denying the plaintiff's motion for a continuance and/or mistrial.

## IV

## Conclusion

For the reasons set forth in this opinion, we vacate the judgment and remand the case to the Superior Court for a new trial. The record of the case shall be returned to the Superior Court.

**Justice Indeglia, dissenting.** Because I am convinced that the trial justice acted within her discretion by dismissing the plaintiff's case pursuant to Rule 41(b) of the Superior Court Rules of Civil Procedure, I respectfully dissent.

A trial justice's ability to manage each case in her caseload is crucial to the handling of a crowded calendar efficiently and effectively. This Court has recognized that "'[t]he widest discretion must be given to calendar justices and trial justices' in managing a trial calendar, a task that is 'among the most difficult of all judicial assignments.'" Coates v. Ocean State Jobbers, Inc., 18 A.3d 554, 558 (R.I. 2011) (quoting Bergeron v. Roszkowski, 866 A.2d 1230, 1235 (R.I. 2005)). To take on such a task, the trial justice has, at his or her disposal, various tools to allow for efficient scheduling of cases and the weeding out of cases that are not moving forward toward trial. One such tool is Rule 41(b), which prescribes the circumstances in which a trial justice may dismiss a case for lack of prosecution.

In deciding whether to grant or deny a motion to dismiss under Rule 41(b), the trial justice is required to weigh conflicting interests: "On the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice

to the defendants from delay. On the other hand, there is the desire to dispose of cases on their merits." Hyszko v. Barbour, 448 A.2d 723, 726 (R.I. 1982). Here, in considering plaintiff's discharge of her attorney and requested continuance, the trial justice properly performed this balancing test. Specifically, she recognized that "resolving cases on their merits is preferred[,]" but ultimately determined that "the [c]ourt's need to manage its docket, the defendants' need for closure, the potential cause for further delay, and the public's need for expeditious resolution of litigation outweigh the desire to dispose of this particular case on its merits."

The thrust of the majority's opinion, citing Harvey v. Town of Tiverton, 764 A.2d 141, 143 (R.I. 2001), seems to be that "[a] mere delay * * * is not enough to warrant a dismissal for lack of prosecution." However, the postponement in this case would create much more than a "mere delay." While plaintiff's requested two-week continuance after she discharged her lawyer may—at first blush—appear not to be excessive, a review of the record as a whole reveals that, given the circumstances, such a continuance would have been futile. The request for a continuance was presented to the trial justice on December 13, 2013. As a matter of scheduling, the two-week continuance would turn into three weeks because of the court's closure for the holidays. Furthermore, the trial justice—employing her many years of experience on the bench—recognized,

> "No competent attorney could review the file, work up the case, and be ready for trial in that short a time. Furthermore, new counsel might feel additional discovery was needed, might opt for new or additional experts, and so on. It's not as simple as just picking up the file, reviewing it, reading it, and saying 'Okay let's go.'"

With all of this in mind, it becomes inescapable that plaintiff's case was not going to be able to proceed in a timely fashion. This Court has repeatedly recognized that "[t]he primary responsibility for moving a case on for trial rests with the plaintiff and his or her attorneys, not

- 12 -

the defendant[s] or the trial court." Coates, 18 A.3d at 561 (quoting Bergeron, 866 A.2d at 1237). Here, it is abundantly clear that plaintiff failed in her responsibility to move the case forward not once, but twice. Indeed, defendant had previously obtained a dismissal after plaintiff discharged prior counsel and, while acting pro se, failed to attend a pretrial conference.

Moreover, granting plaintiff additional time to proceed would have resulted in significant prejudice to defendant. The plaintiff's claim had been filed in 2008 for an injury that occurred in 2005. At this stage in the proceedings—three days into trial—the jury had already been empaneled, had been preliminarily charged, had heard opening statements from both parties, witnesses (including one of plaintiff's expert witnesses) were present and prepared to testify, and the about-to-be-discharged attorney was still willing to proceed. It was not an abuse of the trial justice's discretion to determine that this prejudice to defendant coupled with the trial court's wide discretion to manage its calendar outweighed plaintiff's request for a seemingly useless continuance.

The majority appears to suggest that delay must be deliberate or lacking in good faith for a trial justice to dismiss a case for lack of prosecution. However, this Court has never required those factors in order to warrant such a dismissal. Nevertheless, the majority places blame on plaintiff's lawyer, suggesting that, in dismissing her lawyer, plaintiff acted in good faith pursuant to a legitimate concern for her counsel's shortcomings.[1] Somehow, the majority categorizes plaintiff as blameless and implies that this rendered her request for a continuance worthwhile. Interestingly, in treating plaintiff as a victim of her lawyer's ineptitude, the majority ignores

---

[1] The majority also speaks in some length about the trial justice's criticisms regarding these shortcomings, suggesting—albeit indirectly—that there is some question as to whether the judge's conduct in berating plaintiff's counsel in her presence was proper. However, the record suggests that plaintiff was peeved with her attorney's performance long before the trial justice's comments.

plaintiff's conduct with regard to this case. As noted above, the case had already been dismissed while she was acting pro se after discharging previous counsel.[2] Here, the trial justice dismissed the case with full knowledge of the history of this plaintiff's management of her case and, more importantly, of her attorneys. While dismissing the case may have produced a harsh result for plaintiff, the trial justice was within her discretion to do so.

Even more than having legal acumen, a successful trial judge must be a competent manager. A judge must struggle with the requests of attorneys on the verge of trial—additional discovery, requested continuances, unavailable witnesses, and more time to prepare. The successful judge must do justice, but must do it decisively. Given the circumstances at play in this case—namely, the timing of the plaintiff's request for a continuance, the stage of the proceedings, and the procedural history of the plaintiff's claim—I cannot conclude that the trial justice abused her discretion in dismissing the case. Therefore, I respectfully dissent.

---

[2] Ironically, it was her present counsel whom she was discharging in this matter who got the first dismissal vacated and the case reinstated.



**TITLE OF CASE:**    Linda Cotter v. Kevin Dias et al.

**CASE NO:**    No. 2014-126-Appeal.
(PC 08-626)

**COURT:**    Supreme Court

**DATE OPINION FILED:**    January 12, 2016

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Patricia A. Hurst

**ATTORNEYS ON APPEAL:**

For Plaintiff: Patrick J. Sullivan, Esq.

For Defendants: Megan J. Goguen, Esq.
Joshua E. Carlin, Esq.
Mary Welsh McBurney, Esq.