Justice Indeglia,
dissenting.
Because I am convinced that the trial justice acted within her discretion by dismissing the plaintiffs case pursuant to Rule 41(b) of the Superior Court Rules of Civil Procedure, I respectfully dissent.
A trial justice’s ability to manage each case in her caseload is crucial to the handling of a crowded calendar efficiently and effectively. This Court has recognized that “ ‘[t]he widest discretion must be given to calendar justices and trial justices’ in managing a trial calendar, a task that is ‘among the most difficult .of all judicial assignments.’ ” Coates v. Ocean State Jobbers, Inc., 18 A.3d 654, 558 (R.I.2011) (quoting Bergeron v. Roszkowski 866 A.2d 1230, 1235 (R.I.2005)). To take on such a task, the trial justice has, at his or her disposal, various tools to allow for efficient scheduling of cases and the weeding out of cases that are not moving forward toward trial. One such tool is Rule 41(b), which prescribes the circumstances in which a trial justice may dismiss a case for lack of prosecution.
In deciding whether to grant or deny a motion to dismiss under Rule 41(b), the trial justice is required to weigh conflicting interests: “On the one hand is the court’s need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay. On the other hand, there is the desire to dispose of cases on their merits.” Hyszko v. Barbour, 448 A.2d 723, 726 (R.I.1982). Here, in *171 considering plaintiffs discharge of her attorney and requested continuance, the trial justice properly performed this balancing test. Specifically, she recognized that “resolving cases on their merits is preferred[,]” but ultimately determined that “the [c]ourt’s need to manage its docket, the defendants’ need for closure, the potential cause for further delay, and the public’s need for expeditious resolution of litigation outweigh the desire to dispose of this particular case on its merits.”
The thrust of the majority’s .opinion, citing Harvey v. Town of Tiverton, 764 A.2d 141, 143 (R.I.2001), seems to be that “[a] mere delay * * * is not enough to warrant a dismissal for lack of prosecution.” .However, the postponement in this case would create much more than a “mere delay.” While plaintiffs requested two-week continuance after she discharged her lawyer may — at first blush — appear not to be excessive, a review of the record as a whole reveals that, given the circumstances, such a continuance would have been futile. The request for a continuance was presented to the trial justice on December 13, 2013. As a mátter of scheduling, the two-week continuance would turn into threé weeks because of the court’s closure for the holidays. Furthermore, the trial justice — employing her many years of experience on the bench — recognized,
“No competent attorney could review the file, work up the case, and be ready for trial in that short a time. Furthermore, new counsel might feel additional discovery was needed, might opt for new or additional experts, and so on. It’s not as simple as just picking up the file, reviewing it, reading it, and saying ‘Okay let’s go.’ ”
With all of this in mind, it becomes inescapable that plaintiffs ease was not going to- be able to proceed in a timely fashion. This Court has repeatedly recognized -that “[t]he primary responsibility for moving a ease on for trial rests with, the plaintiff and his or her attorneys, not the defendants] or the trial court.” Coates, 18 A.3d at 561 (quoting Bergeron, 866 A.2d at 1237). Here, it is abundantly clear that plaintiff failed in her responsibility to move the case forward not once, but twice. Indeed, defendant had previously obtained a dismissal after plaintiff discharged prior counsel and, while acting pro se, failed to attend a pretrial conference.
Moreover, granting plaintiff additional time to proceed would have resulted in significant prejudice to defendant. The plaintiffs claim had been filed in 2008 for an injury that occurred in 2005. At this stage in the proceedings — three days into trial — the jury had already been empaneled, had been preliminarily charged, had heard opening statements from both parties, witnesses (including one of plaintiffs expert witnesses) were present and prepared to testify, and the about-to-be-discharged attorney was still willing to proceed. It was not an abuse of the trial justice’s discretion to .determine that this prejudice to .defendant coupled with the trial court’s wide discretion to manage its calendar outweighed plaintiffs request for a seemingly useless continuance.
The majority appears to suggest that delay must be deliberate or lacking in good faith for a trial justice to dismiss a case for lack of prosecution. However, this Court has never required those factors in order to warrant such a dismissal. Nevertheless, the majority places blame on plaintiffs lawyer, .suggesting that, in dismissing her lawyer, plaintiff acted in good faith pursuant to a legitimate concern for her counsel’s shortcomings.[1] Somehow, the *172 majority categorizes plaintiff as blameless and implies that this rendered her request for a continuance worthwhile. Interestingly, in treating plaintiff as a victim of her lawyer’s ineptitude, the majority ignores plaintiffs conduct with regard to this case. As noted above, the case had already been dismissed while she was acting pro se after discharging previous counsel.[2] Here, the trial justice dismissed the case with full knowledge of the history of this plaintiffs management of her case and, more importantly, of her attorneys. While dismissing the case may have produced a harsh result for plaintiff, the trial justice was within her discretion to do so.
Even more than having legal acumen, a successful trial judge must be a competent manager. A judge must struggle with the requests of attorneys on the verge of trial — additional discovery, requested continuances, unavailable witnesses, and more time to prepare. The successful judge must do justice, but must do it decisively. Given the circumstances at play in this case — namely, the timing of the plaintiffs request for a continuance, the stage of the proceedings, and the procedural history of the plaintiffs claim — I cannot conclude that the trial justice abused her discretion in dismissing the case. Therefore, I respectfully dissent.

. The majority also speaks in some length about the trial justice’s criticisms regarding *172 these shortcomings, suggesting — albeit indirectly — that there is some question as to whether the judge’s conduct in berating plaintiff’s counsel in her presence was proper. However, the record suggests that plaintiff was peeved with her attorney’s performance long before the trial justice’s comments.

. Ironically, it was her present counsel whom she was discharging in this matter who got the first dismissal vacated and the case reinstated.