251 A.2d 535.
RAYMOND W. MAKER *vs.* LOUIS A. FERGUSON.
GLADYS G. MAKER *vs.* LYLA R. FERGUSON.

MARCH 28, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. These two civil actions arise out of a motor vehicle collision. One action is between the operators of the two vehicles; the other between their respective owners. The cases were consolidated for trial in the superior court, and while we refer only to the operators' case, what we say with respect to it applies equally to the case of owner against owner.

When the case was reached for trial on the civil jury trial calendar, defendant was ready to proceed. Plaintiff's counsel, however, moved for a continuance. He gave as his reason that his client was in Florida, and that her intention to fly here in time to proceed in her case had not been realized because she had suddenly taken ill. Counsel did not, however, comply with rule 40(c) of the superior court rules of civil procedure which required him to accompany his motion with "* * * a certificate of a practicing physician stating the fact of said sickness, and the kind, degree, and the time of beginning thereof." Although that noncompliance in and of itself would have justified the trial justice in denying the request for a continuance, he granted it but upon condition that plaintiff pay a counsel fee to defendant's attorney and that she also pay certain costs incurred by defendant. The plaintiff, instead of making those payments, which totalled $118, has appealed.

The plaintiff obviously has no basis to complain. Although her failure to furnish the required medical certificate constituted ample ground for denying her motion for a continuance, the trial justice nonetheless granted it, but on condition. In so doing he was well within his province inasmuch as rule 40(b) of the superior court rules of civil procedure authorizes the granting of continuances "upon such terms and conditions as the court shall determine." In the circumstances of this case there was no abuse of discretion either in the imposition of conditions, or in the reasonableness of the conditions imposed. *Dolman* v. *Saltz-*

*man,* 100 R. I. 327, 215 A.2d 232. See also *Manekofsky* v. *Baker,* 92 R. I. 377, 382, 169 A.2d 376, 379.

The plaintiff's appeal in each case is denied and dismissed.

*Charles A. Hirsch,* for plaintiffs.

*Martin M. Zucker,* for defendants.