RETIREMENT BOARD OF EMPLOY-
EES RETIREMENT SYSTEM OF
the CITY OF PROVIDENCE

v.

Urbano PRIGNANO, Jr.

No. 2009–346–Appeal.

Supreme Court of Rhode Island.

April 20, 2010.

Anthony F. Cottone, Esq.

Stephen R. Famiglietti, Esq., Susan Marcotte Carlin, Esq., Lincoln.

### ORDER

The defendant, Urbano Prignano, Jr., appeals from an order entered in an action initiated by the City of Providence (city) to revoke his pension. This case came before the Supreme Court at a session in conference pursuant to Article I, Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing and argument.

The defendant served in the Providence Police Department from 1967 through January 2001. Subsequent to the defendant's retirement, the city sought to revoke the defendant's pension by initiating proceedings before the Retirement Board of the Employees Retirement System of the City of Providence (board). On June 25, 2008 the board voted to revoke the defendant's pension. Thereafter the city filed an action in the Superior Court to confirm the board's decision to revoke the defendant's pension pursuant to the honorable service ordinance (HSO) of the Providence Code of Ordinances § 17–189.1. On October 19, 2009 the Superior Court issued an order ruling that a criminal conviction for a city employee was not a prerequisite for the city to institute pension revocation proceedings under the HSO. The Superior Court also ruled in the order that the Superior Court's review of the board's decision would be deferential to the board's findings. The defendant filed a notice of appeal from this order.

"According to [G.L.1956] § 9–24–1, an appeal may be taken to this court only from a final judgment, decree, or order of the Superior Court." *State v. Piedmont Funding Corp.*, 121 R.I. 27, 29, 394 A.2d 694, 695 (1978). "[A] final judgment or order for purposes of appealability is one that terminates all the litigation arising out of the action between the parties on the merits." *Id.* "[A]ppeals from interlocutory orders are not permitted unless they fall within certain well-defined exceptions." *Boranian v. Richer*, 983 A.2d 834, 837 (R.I.2009). An appeal from an interlocutory order is allowed if the order grants or continues an injunction, or appoints a receiver, or directs the sale of real or personal property. *Id.* (citing § 9–24–7). Another exception "permits appellate review of an 'order or decree which, although in a strict sense interlocutory, does possess such an element of finality that action is called for before the case is finally terminated in order to prevent clearly imminent and irreparable harm.'" *Id.* (quoting *Town of Lincoln v. Cournoyer*, 118 R.I. 644, 648, 375 A.2d 410, 412–13 (1977)).

The order the defendant has appealed in this action neither is final nor falls within the narrow exceptions permitting appeal of interlocutory orders. The ultimate issue of whether the board's decision to revoke the defendant's pension should be upheld has not yet been decided by the Superior Court. Thus, the defendant's appeal is not properly before this Court.

Therefore, we deny and dismiss the defendant's appeal.