**Veronica COATES**

v.

**OCEAN STATE JOBBERS, INC.**

**No. 2008–140–Appeal.**

Supreme Court of Rhode Island.

May 13, 2011.

Veronica Coates, Pro Se.

Randall B. Johnson, Esq., for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Chief Justice SUTTELL, for the Court.

The plaintiff, Veronica Coates, appeals *pro se* from a Superior Court denial of her motion for a continuance and the dismissal of her complaint against the defendant,

Ocean State Jobbers, Inc. The plaintiff contends that her motion for a continuance should have been granted because the defendant refused to provide her with the documents she allegedly needed to try her case and because of her physical disabilities. The plaintiff also argues that the dismissal of her complaint was in error because she had appealed the denial of her motion for a continuance and had requested a stay of trial. This case came before the Supreme Court pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts and Procedural History

On December 2, 2004, Ms. Coates filed a complaint in Superior Court alleging that on October 4, 2002, as she was entering the Ocean State Job Lot store on Newport Avenue in East Providence, an automatic door that had been "negligently designed, installed, operated and maintained" struck her and caused her "serious bodily injuries" that required medical attention. On June 20, 2005, plaintiff filed interrogatories propounded to defendant, which defendant answered. On June 24, 2005, plaintiff filed a request for production of documents in which she asked defendant for (1) copies of maintenance and repair orders for the automatic doors; (2) a list of injuries suffered by patrons on defendant's premises;

(3) information provided to employees about the procedure and treatment for injured customers; (4) any reports prepared by defendant's employees related to the incident in question; and (5) results of instances in which the doors were tested and action taken, if any. The defendant objected to these requests, but nevertheless produced a list of the 2002 work orders related to the doors at the Newport Avenue premises, a copy of the store policy concerning customer injuries, and a report, which included a witness statement, pertaining to plaintiff's incident.

On March 1, 2006, this case was designated for court-annexed arbitration. An arbitrator awarded plaintiff the sum of $2,500 plus interest and costs, but she rejected this award in June 2006. In December 2006, plaintiff's attorney filed a motion to withdraw,[1] which was granted on January 10, 2007.[2] In the interim, plaintiff had entered her appearance *pro se.*

Meanwhile, on June 23, 2006, defendant filed a supplemental answer to plaintiff's interrogatories in which defendant provided the name and address of the company that maintains the doors at defendant's Newport Avenue premises.

A trial originally was scheduled for the week of November 12, 2007, but the trial date later was continued to March 3, 2008. In November 2007, plaintiff served a subpoena on counsel for defendant. The subpoena referred to an addendum containing a list of items requested by plaintiff, including a transcript of the arbitration hearing; a copy of a tape recording of the arbitration hearing; records concerning the manufacture, installation, and maintenance of defendant's automatic doors; specifications and measurements related to

---

1. The plaintiff likewise moved to discharge her attorney in motions filed in November and December 2006.

2. The order granting the motion to withdraw was entered on January 19, 2007.

the doors; building regulations; records identifying employees responsible for the inspection of the doors; and records of injuries that have taken place on defendant's premises since 2002. In December 2007, plaintiff filed a motion to compel the production of subpoenaed documents. The defendant objected to the motion to compel and also filed a motion to quash the subpoena, which was granted by a hearing justice in January 2008. Shortly thereafter, plaintiff served another subpoena, this time on the registered agent for defendant, requesting the same records that were listed in the first subpoena; she also later filed a motion to compel the production of the subpoenaed documents. The defendant again objected to the motion to compel and moved to quash the subpoena. On February 28, 2008, a hearing justice denied plaintiff's motion to compel the production of the subpoenaed documents from the agent.[3]

In addition, on February 18, 2008, plaintiff moved for a continuance of the trial, to which defendant objected. A hearing on the motion took place on February 29, 2008 before a trial justice.[4] At the hearing, defendant reiterated its objection, pointing out that "this case has come up for trial calls for at least eight months," during which time defendant had been "liberal" in giving plaintiff additional time to prepare for trial. The defendant also

asserted that the documents that plaintiff was seeking through the subpoenas, which it alleged the hearing justice previously had ruled to be inappropriate, did not exist. In response, plaintiff filed with the trial justice a request for production of documents pursuant to Rule 34 of the Superior Court Rules of Civil Procedure.[5] The plaintiff also gave the trial justice a copy of an affidavit in support of her amended motion for a continuance,[6] wherein she alleged that she needed a continuance because she had "[s]erious health issues," including Sjögren's syndrome,[7] that made it difficult for her to represent herself in this matter. The affidavit also stated that plaintiff had served on defendant a request for production of documents that were necessary for her case. The trial justice denied plaintiff's motion for a continuance,[8] noting that this case "has been pending for four years" and that it was "time to try it." The trial justice urged plaintiff "to be ready, to the extent [she could] be," to proceed with the trial on its scheduled date of March 3, 2008.

On the same day that the trial justice denied plaintiff's motion for a continuance, February 29, 2008, plaintiff filed a notice of appeal from that denial. At a hearing on March 3, 2008, the date this case was scheduled to go to trial, the trial justice asked the parties whether they were "ready to proceed." The plaintiff respond-

---

3. Although the hearing on the motion to compel was held on February 28, 2008, the order denying the motion was not entered until March 31, 2008.

4. The trial justice was not the same justice who denied plaintiff's motion to compel and granted defendant's motion to quash.

5. The production request referred to an addendum containing a list of essentially the same items that plaintiff requested in her subpoenas upon counsel for defendant and upon the registered agent for defendant.

6. The actual amended motion was date-stamped March 7, 2008, by the clerk's office.

7. The American Heritage Dictionary of the English Language 1629 (4th ed.2000) defines "Sjögren's syndrome" as "[a] chronic inflammation of the lachrymal and salivary glands, often accompanied by rheumatoid arthritis and the presence of autoantibodies in the blood * * *."

8. An order denying plaintiff's motion was entered on March 11, 2008.

ed by notifying the trial justice of her pending appeal on the motion for a continuance, by reiterating her request for more time to collect documents, and by filing a request for a stay of trial. At the hearing, plaintiff also complained of "terrible problems with [her] eyes" that she said had made it difficult for her to prepare for trial. The defendant argued that plaintiff's constant delays were "prejudicial to the defense" and moved for a dismissal. The defendant pointed out that "all the documents" that it could have produced had already been produced, that discovery had already concluded, and that there were no subpoenas or motions outstanding in this case. The trial justice dismissed plaintiff's complaint with prejudice,[9] stating that plaintiff's trial should not have "come as a surprise" to her because it had "been on the calendar" and plaintiff had "been on many occasions before different judges on this court urging [her] to get [her] documents together." The justice also noted that plaintiff was "beyond" requesting documents for production and refused to issue a stay in this case.

Thereafter, plaintiff filed a motion to vacate judgment, which was denied. The plaintiff appealed on March 19, 2008.[10]

## II

### Standard of Review

When reviewing a trial justice's decision to grant or deny a request for a continuance, this Court uses an abuse-of-discretion standard. *Bergeron v. Roszkowski*, 866 A.2d 1230, 1235 (R.I.2005); *see also State v. Kowal*, 8 A.3d 1036, 1037 (R.I.2010) (mem.); *Weybosset Hill Investments, LLC v. Rossi*, 857 A.2d 231, 238

(R.I.2004). "[T]he widest discretion must be given to calendar justices and trial justices" in managing a trial calendar, a task that is "among the most difficult of all judicial assignments." *Bergeron*, 866 A.2d at 1235 (quoting *Mills v. State Sales, Inc.*, 824 A.2d 461, 469 (R.I.2003)). That is why, absent an abuse of discretion, we will not disturb a trial justice's denial of a motion for a continuance. *Id.*

Similarly, "[a]buse of discretion is the applicable standard to be used by [this Court] when reviewing a trial justice's dismissal of a civil action for lack of prosecution pursuant to [Rule 41(b)(2) of the Superior Court Rules of Civil Procedure]." *Bergeron*, 866 A.2d at 1236 (quoting *Harvey v. Town of Tiverton*, 764 A.2d 141, 143 (R.I.2001)). In applying this standard, this Court must determine "whether [the trial justice's] findings are supported by the evidence or whether in making such findings [the trial justice] misconceived or overlooked any material evidence." *Harvey*, 764 A.2d at 143 (quoting *Finney Outdoor Advertising Co. v. Cordeiro*, 485 A.2d 910, 911 (R.I.1984)).

## III

### Discussion

On appeal, plaintiff raises two issues. First, she argues that the trial justice erred in denying her motion for a continuance. According to plaintiff, a continuance should have been granted because defendant refused to comply with plaintiff's requests for documents that she needed to try her case. The plaintiff also suggests that defendant's attorney lied to the hearing justice about plaintiff's document re-

**9.** An order dismissing plaintiff's complaint was entered on March 5, 2008.

**10.** Judgment did not enter until April 7, 2010. Although plaintiff filed her notice of appeal

prematurely, it was nevertheless valid. *See Downey v. Carcieri*, 996 A.2d 1144, 1149 n. 5 (R.I.2010); *Holden v. Salvadore*, 964 A.2d 508, 512 n. 6 (R.I.2009).

quests being improper. In addition, plaintiff asserts that the trial justice should have granted the motion for a continuance because plaintiff's physical disabilities made it difficult for her to try her case.

Second, plaintiff contends that her complaint should not have been dismissed because she appealed the denial of her motion for a continuance and requested a stay of trial. She also says that she "expected jury selection [to] take place on [March 3, 2008], not the actual trial." Finally, plaintiff points out that dismissal was improper because there are genuine issues of material fact in dispute in her case and because evidence exists that supports her allegations.

## A

### Motion for Continuance

■ We first address plaintiff's argument that the trial justice erred by denying plaintiff's motion for a continuance. Under Rule 40(b) of the Superior Court Rules of Civil Procedure, "[c]ontinuances shall be granted only upon motion and for good cause shown and upon such terms and conditions as the court shall determine."

The plaintiff's argument on appeal centers on defendant's "refus[al]" to comply with plaintiff's requests for documents. During discovery, defendant answered interrogatories and produced documents related to the incident in question, including documents related to the maintenance of the doors at defendant's Newport Avenue

premises. After plaintiff received these documents, she did not file a motion to compel pursuant to Rule 37 of the Superior Court Rules of Civil Procedure,[11] nor did she take any other steps to indicate that defendant did not respond properly or fully to her discovery requests. In fact, it was not until November 2007, approximately a year and a half after she rejected her arbitration award, that plaintiff served subpoenas on counsel for defendant and on the registered agent for defendant. Both of these subpoenas were deemed inappropriate by the hearing justice.[12] Thus, at the time of the hearing on February 29, 2008, on plaintiff's motion for a continuance, defendant had complied with all of plaintiff's document requests. It was only at that hearing, which took place three days before trial was scheduled to begin, that plaintiff filed a Rule 34 production request and asked the trial justice to grant her a continuance so that she could obtain the requested documents, which she contended were "necessary" to her case.

Given this series of events, it was reasonable for the trial justice to conclude that plaintiff lacked the "good cause" required on a motion for a continuance. Although plaintiff filed a Rule 34 production request, she did so on the eve of her trial date. If plaintiff had felt that the documents that defendant produced and the interrogatories that defendant answered were insufficient, she had ample time in which she could have attempted to collect more documents. There was no good cause for plaintiff to wait until trial was imminent to request documents that could

---

**11.** Rule 37(a)(2) of the Superior Court Rules of Civil Procedure states, in part, that if a party fails to respond to a motion for production made pursuant to Rule 34 of the Superior Court Rules of Civil Procedure, "the discovering party may move for * * * an order compelling production or inspection in accordance with the request."

**12.** The plaintiff has not provided us with transcripts of the hearings before the hearing justice. The record, however, contains orders granting defendant's motion to quash the subpoena served on counsel for defendant and denying plaintiff's motion to compel the production of the documents requested in a subpoena served on the registered agent for defendant.

have been requested much earlier in the litigation process. In *Camaras v. Moran*, 100 R.I. 717, 720, 219 A.2d 487, 489 (1966), we noted that "[i]t is the joint obligation of the bar and court to dispose of litigation in an orderly, prompt and expeditious manner," and it is our opinion that the trial justice in this case was doing just that.

The plaintiff also argues that she required a continuance because she is "a 100% Service–Connected Disabled Veteran" who has been diagnosed with Sjögren's syndrome, an ailment that has affected her eyesight. Rule 40(c) requires that "[a] motion for a continuance on the ground of sickness of a party * * * shall be accompanied by a certificate of a practicing physician stating the fact of said sickness, and the kind, degree, and the time of beginning thereof." Furthermore, in *Maker v. Ferguson*, 105 R.I. 306, 307, 251 A.2d 535, 535 (1969), we stated that "noncompliance [with the Rule 40(c) requirement] in and of itself would [justify a] trial justice in denying [a] request for a continuance." In the case at hand, plaintiff did not file a certificate from a practicing physician to substantiate her claims of illness. Therefore, the trial justice did not abuse her discretion in denying plaintiff's request for a continuance based upon plaintiff's medical condition.

"The burden of proving that the denial of a motion for a continuance will constitute prejudicial error is on the party moving for a continuance." *Kishfy v. Kishfy*, 104 R.I. 61, 66, 241 A.2d 827, 829 (1968). It is clear from the record before us that plaintiff has not satisfied that burden. We therefore hold that the trial justice did not abuse her discretion in denying plaintiff's motion for a continuance.

**B**

**Dismissal for Lack of Prosecution**

■ Next, we address plaintiff's argument that the trial justice abused her dis-

cretion by dismissing plaintiff's complaint. Rule 41(b)(1) provides, in part, that "[t]he court may, in its discretion, dismiss any action for lack of prosecution * * * for failure of the plaintiff to comply with these rules or to proceed when the action is reached for trial." Furthermore, Rule 41(b)(2) provides, in part, that "[o]n motion of the defendant the court may, in its discretion, dismiss any action for failure of the plaintiff to comply with these rules or any order of court or for lack of prosecution as provided in paragraph (1) of this subdivision."

■ In considering a dismissal motion, a trial justice "must weigh the equities between the parties." *Harvey*, 764 A.2d at 143. "On the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay," and "[o]n the other hand, there is the desire to dispose of cases on their merits." *Id.* (quoting *Hyszko v. Barbour*, 448 A.2d 723, 726 (R.I.1982)). When weighing these conflicting interests, however, the trial justice "need not view the evidence in a light most favorable to the plaintiffs." *Id.*

On March 3, 2008, the date this case was scheduled to go to trial, the trial justice asked the parties whether they were "ready to proceed," at which point plaintiff informed the trial justice that she had appealed the denial of her motion for a continuance and asked the justice for more time to collect documents for her case. The plaintiff also requested a stay of trial. In response to plaintiff's last-minute efforts to prevent this case from moving forward, the trial justice stated that the trial date should not have "come as a surprise" to plaintiff because "[i]t's been on the calendar" and plaintiff has "been on

many occasions before different judges" that have urged her "to get [her] documents together because this matter was coming for trial." The trial justice also pointed out that it "is not the [c]ourt's fault nor opposing counsel's fault" that plaintiff was not in a position to try her case. After confirming that there were no outstanding motions that defendant had not responded to, the trial justice refused to issue a stay in this case and granted defendant's motion to dismiss plaintiff's complaint for lack of prosecution.

We are of the opinion that the trial justice did not abuse her discretion in dismissing plaintiff's complaint. We have previously stated that "[t]he primary responsibility for moving a case on for trial rests with the plaintiff and his or her attorneys, not the defendant[s] or the trial court." *Bergeron,* 866 A.2d at 1237 (quoting *Hyszko,* 448 A.2d at 726). The plaintiff in this case did not fulfill her responsibility in this respect. If the information that plaintiff received from defendant during discovery was insufficient, she should have followed up with more requests in a timely fashion. Instead, plaintiff waited until three days before trial was scheduled to begin to request more documents from defendant. We agree with the trial justice that when plaintiff finally did file a Rule 34 document request, she was far "beyond" the point in the litigation when she should have engaged in follow-up discovery. Furthermore, when asked by the trial justice whether she was "ready to proceed," plaintiff essentially informed the trial justice that she was not prepared to proceed with a trial. All of this supports the trial justice's finding that plaintiff failed to prosecute her own case.

Furthermore, the plaintiff's assertion that a dismissal was improper because she appealed the denial of her motion for a continuance and requested a stay of trial is without merit. It is axiomatic that, with limited exceptions, a party can appeal only from "a final judgment, decree, or order of the superior court." G.L. 1956 § 9–24–1. "[A] final judgment or order for purposes of appealability is one that terminates all the litigation arising out of the action between the parties on the merits." *Retirement Board of Employees Retirement System of Providence v. Prignano,* 991 A.2d 412, 412 (R.I.2010) (mem.) (quoting *State v. Piedmont Funding Corp.,* 121 R.I. 27, 29, 394 A.2d 694, 695 (1978)); *see also Metro Properties, Inc. v. National Union Fire Insurance Co. of Pittsburgh, Pa.,* 934 A.2d 204, 207 (R.I. 2007). The order denying the plaintiff's motion for a continuance was not final, nor did it fall within the narrow exceptions permitting appeal of interlocutory orders. Therefore, the trial justice correctly denied the plaintiff's motion to stay the case and did not abuse her discretion in dismissing the plaintiff's complaint.

## IV

### Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record of the case shall be remanded to the Superior Court.