**Supreme Court**

No. 2013-369-Appeal.
No. 2013-370-Appeal.
(P 94-3292)

Carol A. Maccarone                    :

v.                    :

Raymond J. Maccarone, Jr.         :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2013-369-Appeal.
No. 2013-370-Appeal.
(P 94-3292)

Carol A. Maccarone    :

v.       :

Raymond J. Maccarone, Jr.   :

Present:  Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.**  The defendant, Raymond J. Maccarone, Jr. (Raymond or defendant), appeals from a Family Court judgment entered in favor of the plaintiff, Carol A. Maccarone (Carol or plaintiff),[1] enforcing a property settlement agreement that was incorporated but not merged into the parties' final judgment of divorce.  The plaintiff also appeals the denial of her motion to dismiss the defendant's appeal.  This case came before the Supreme Court on December 2, 2014, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After hearing the arguments of counsel and reviewing the memoranda submitted on behalf of the parties, we are satisfied that cause has not been shown.  Accordingly, we shall decide the appeals at this time without further briefing or argument.  For the reasons set forth herein, we affirm the judgment of the Family Court as to the pension benefits and interest due plaintiff, and we remand the issue of attorney's fees to that tribunal.

---

[1] We identify the parties solely by their first names for the sake of clarity.  No disrespect is intended.

# I

## Facts and Travel

On July 11, 1996, the parties were both granted a divorce on the grounds of irreconcilable differences, which led to the irremediable breakdown of the marriage, and their jointly executed property settlement agreement (the agreement) was approved by a justice of the Family Court. When the divorce became final, the agreement was incorporated but not merged into the final judgment. Among other things, the agreement sets forth the distribution of Raymond's retirement benefits with the State of Rhode Island as well as with the United States Army Reserve.

Section III of the agreement refers to the scenario in which the parties are currently situated.[2] Under section III, Carol was to receive 50 percent of the amount Raymond was entitled to upon retirement from state service, but that section also contemplates Raymond not retiring upon reaching the age of retirement eligibility. Section III C.7 provides, in pertinent part: "It is understood by the Husband and Wife that $25,000.00 of the proceeds to which the Husband is entitled from the sale of the marital domicile shall be placed in an escrow account * * * to secure pension payments to the Wife. * * * In the event that the Husband does not retire within three months after the attainment of age 60, the escrow agent shall pay to the Wife from the escrow account a sum equal to one-half of the Husband's normal retirement benefit calculated as if the Husband had left State service on April 2, 1996 retroactive to the Husband's 60th birthday of October 5, 2007, and each and every month thereafter until the Husband retires and the Wife receives said payments from the Plan * * *."

---

[2] The other options, which include a disability contingency plan, do not apply to the present case.

On October 5, 2007, his 60th birthday, Raymond chose not to retire. The record indicates that Raymond did not establish an escrow account for the $25,000, as per the terms of the agreement, and that no pension payments to Carol were ever made. On September 4, 2012, having not received her share of Raymond's pension, Carol filed a motion to enforce the agreement. On September 13, 2012, Raymond responded by sending Carol a lump sum payment of $25,000. Notwithstanding this payment, Carol sought the commencement of monthly payments in the amount of $928.56 retroactive to October 2007, plus interest, less the lump sum payment of $25,000. Carol also sought enforcement of the provision that sets forth Raymond's obligation to make payments to her from his pension with the United States Army Reserve.[3] Finally, Carol sought attorney's fees and costs incurred in enforcing the agreement based on the alleged breach and because Raymond had no justiciable defense under G.L. 1956 § 9-1-45.[4]

On June 4, 2013, the hearing justice issued a written decision as to Carol's motion to enforce. In her decision, she found that Raymond had no justiciable defense for failing to establish the escrow account and that he failed to disburse funds in accordance with the agreement upon reaching retirement eligibility. The hearing justice concluded that Carol was entitled to retroactive payments dating back to October 2007 and that Raymond, although not yet retired from state service, was obligated to make monthly payments to Carol in the amount of $928.56. She also found that, as a result of the delay in monthly payments pursuant to section III of the agreement, Carol was entitled to statutory interest of twelve percent (12%) per annum

---

[3] Section III C.9 of the property settlement agreement provides that Carol was entitled to 50 percent of Raymond's retirement benefits with the Army Reserve. At the time of the Family Court hearing, Raymond had applied for these benefits and Carol had been receiving her share accordingly.

[4] General Laws 1956 § 9-1-45 provides, in relevant part: "The court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court:

(1) Finds that there was a complete absence of a justiciable issue * * *."

- 3 -

from October 2007 to the date of the decision, totaling $18,393.11. Finally, the hearing justice decided that the issue of attorney's fees and costs would be heard upon the filing of a separate motion with supporting affidavits.

On July 22, 2013, Carol filed a motion to clarify the June 4 decision, in which she asked the Court to increase the monthly payment order to $930.31 and to increase the interest award to $19,714.26. On July 29, 2013, Raymond filed an objection, in which he noted that Carol had yet to file a written judgment to reflect the hearing justice's decision.

On September 17, 2013, a hearing on the motion was held, wherein the parties agreed that judgment would enter out of time. On September 30, 2013, the hearing justice entered a judgment in which she ordered Raymond to pay Carol twelve percent (12%) statutory interest in the amount of $19,714.26, accumulated from the time he was obligated to pay Carol $25,000 and failed to do so. The hearing justice also ordered Raymond to pay Carol $930.31 per month in pension payments due from October 5, 2007 to June 4, 2013. She ordered that Raymond pay Carol's attorney's fees and costs incurred to enforce the agreement.

On October 1, 2013, Carol filed a motion to alter or amend the September 30th judgment to reflect interest through the date of the judgment, to which Raymond filed an objection on October 3, 2013. On October 4, 2013, Raymond filed a notice of appeal to this Court and, on October 8, 2013, Carol responded by filing a motion to dismiss the appeal on the ground that it was premature.[5] On October 8, 2013, the hearing justice denied the motion to dismiss the appeal; and, on October 23, 2013, Carol filed a notice of appeal of that decision.[6]

---

[5] Carol argued that, pursuant to Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure, an appeal cannot be taken where a motion to clarify is pending.

[6] On October 2, 2013, plaintiff's counsel filed an affidavit as to his fees, to which defense counsel objected. At the October 8, 2013 hearing, the hearing justice refused to consider the issue of attorney's fees because the case was on appeal.

## II

### Standard of Review

"A property settlement agreement 'that is not merged into a divorce judgment retains the characteristics of a contract.'" DiPaola v. DiPaola, 16 A.3d 571, 576 (R.I. 2011) (quoting Riffenburg v. Riffenburg, 585 A.2d 627, 630 (R.I. 1991)). "The existence of ambiguity in a contract is a question of law." Paul v. Paul, 986 A.2d 989, 993 (R.I. 2010). "[T]he holding of a trial court (including the Family Court) about the existence or nonexistence of ambiguity in the terms of the contract is freely reviewable by this Court." Id. (quoting Gorman v. Gorman, 883 A.2d 732, 738 n.8 (R.I. 2005)). "Therefore, the trial justice's conclusions on questions of law are reviewed de novo." Carney v. Carney, 89 A.3d 772, 775 (R.I. 2014) (citing Beacon Mutual Insurance Co. v. Spino Brothers, Inc., 11 A.3d 645, 649 (R.I. 2011)). On the other hand, "we afford deference to the trial justice's findings of fact and will disturb them only if she 'misconceived the relevant evidence or was otherwise clearly wrong.'" Id. (quoting Horton v. Horton, 891 A.2d 885, 888 (R.I. 2006)).

## III

### Discussion

### A

### Defendant's Appeal

Before us, Raymond contends that the agreement is clear and unambiguous because it states that Carol is entitled to only a portion of his pension when he retires. Raymond also argues that the award of interest was in error because the agreement only provides for interest if he retires with a disability pension. Conversely, Carol contends that the language of section III C.3, setting the valuation date as "upon the Husband's retirement," contradicts the clearly stated

intention of the parties to achieve an equitable distribution of assets, thus rendering the agreement ambiguous. As a result, Carol avers that this Court should resolve the ambiguities by achieving an equitable result. Finally, Carol argues that the interest was properly awarded because Raymond's inaction constituted a breach of contract, thus triggering G.L. 1956 § 9-21-10.[7]

In Furia v. Furia, 692 A.2d 327, 328 (R.I. 1997) (Furia II), this Court held that the Family Court possesses the authority to distribute marital assets to award one spouse a share of the other spouse's pension. Expounding upon a previous ruling in Furia v. Furia, 638 A.2d 548 (R.I. 1994) (Furia I), we concluded that the proper distribution of the working spouse's pension was "the payment each month * * * of an amount equal to one-half of the monthly pension benefits that [the working spouse] would have received had she chosen to retire * * *." Furia II, 692 A.2d at 328. This Court eventually held that the working spouse should pay her former husband one-half of her monthly pension benefits. Id.

After a review of the agreement, we believe that it was ambiguous as to the valuation date of Raymond's pension and as to when Carol would be entitled to receive her share. Section III C.3 sets the valuation date as that of Raymond's retirement, but this date is ambiguous when read in conjunction with section III C.7, in which a contingency plan is established in the event Raymond does not retire within three months of reaching the retirement eligibility age. Further ambiguity regarding the valuation date is apparent given the parties' stated intention "that there shall be an equitable division of all property belonging to them." Because this agreement is not susceptible to "'one reasonable meaning' when read in a 'common sense manner,'" we find it to

---

[7] While Carol's papers contend that G.L. 1956 § 9-20-10 applies to the present case, it is clear from her discussion of the statute that she is referring to G.L. 1956 § 9-21-10.

be ambiguous. Carney, 89 A.3d at 776 (citing Garden City Treatment Center, Inc. v. Coordinated Health Partners, Inc., 852 A.2d 535, 542 (R.I. 2004)).

"When a provision in a settlement agreement is ambiguous, we have held that 'the practice of this Court is to adopt that construction which is most equitable and which will not give to one party an unconscionable advantage over the other.'" Janson v. Janson, 773 A.2d 901, 903 (R.I. 2001) (quoting Flynn v. Flynn, 615 A.2d 119, 122 (R.I. 1992)). "In determining which construction of the decision's and the agreement's ambiguous pension provisions would be 'most equitable' to the parties in this case, we must interpret them in the context of the parties' overall agreement concerning the distribution and valuation of the entire marital estate." Id. Any "ambiguity should be resolved such that the final division of the entire marital estate is consistent with the unambiguous portions of the parties' property-settlement agreement and with the principles underlying an equitable distribution of that estate." Id.

Because the agreement was ambiguous as to when Carol was entitled to share in Raymond's pension, the hearing justice properly resolved "the ambiguity based upon principles of equitable distribution." Janson, 773 A.2d at 903. Here, the parties agreed to a one-half division of Raymond's pension "calculated as if [Raymond] had left State service on April 2, 1996 retroactive to [Raymond's] 60th birthday of October 5, 2007, and each and every month thereafter until [Raymond] retires * * *." In the absence of clarity as to the pension valuation date, the hearing justice's conclusion that the distribution of the pension should manifest itself in the form of $930.31 per month from October 5, 2007 to June 4, 2013 was an equitable resolution. As we held in Janson, 773 A.2d at 904, the hearing justice in the present case "had the authority * * * to effectuate an equitable distribution" of Raymond's pension when she

awarded Carol her share of the monthly pension payments that Raymond would have received if he had retired in October 2007, when he became eligible to do so.

In <u>Bober v. Bober</u>, 92 A.3d 152, 165 (R.I. 2014), this Court restated the parameters for the division of a marital asset when that asset is controlled by one spouse. We held that "one spouse should not be allowed to defeat the other spouse's interest in an asset earned and accumulated during the marriage by invoking a condition wholly within his or her control." <u>Id.</u> (quoting <u>Allard v. Allard</u>, 708 A.2d 554, 558 (R.I. 1998)). Further, this Court reiterated that, "'in the absence of a clear agreement specifying * * * when the husband's pension was to be valued and distributed to the wife, * * * it was inequitable for the trial justice to allow the husband to "unilaterally deprive" the wife of her share of the pension by delaying his retirement' until some uncertain future date." <u>Id.</u> at 163 (quoting <u>Janson</u>, 773 A.2d at 904). Given the similarities between the present case and <u>Bober</u>, it is our belief that it would be inequitable to allow Raymond's refusal to retire to deprive Carol of her entitlement to monthly pension payments.

Raymond's second claim on appeal is that interest should not have been awarded on the $25,000 because the agreement provides for interest only in the event he retired with a disability pension. In so arguing, however, Raymond overlooks the fact that an award of interest may be appropriate in any breach of contract action. Section 9-21-10(a) provides, in relevant part:

> "In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum * * *. Post-judgment interest shall be calculated at the [same rate] and accrue on both the principal amount of the judgment and the prejudgment interest entered therein."

This Court applied § 9-21-10 to the adjudication of a property settlement agreement in <u>Donelan v. Donelan</u>, 741 A.2d 268 (R.I. 1999). In that case, we acknowledged that "[t]he award of interest in the absence of statutory authorization is extraordinary and will be granted only under

the most unusual circumstances * * *." Id. at 270 (quoting Bristol and Warren Gas Co. v. Burke, 493 A.2d 834, 836 (R.I. 1985)). Nevertheless, we found that "§ 9-21-10 provided for the award of interest for 'any civil action,' allowing breach-of-contract litigants to collect interest on judgments." Donelan, 741 A.2d at 270 (quoting Gott v. Norberg, 417 A.2d 1352, 1357 (R.I. 1980)).

It is undisputed that Raymond failed to place the required $25,000 in an escrow account. Because property settlement agreements are examined under contract law, Raymond's inaction constituted a breach of contract, and the hearing justice's award of interest under § 9-21-10 was appropriate. See Donelan, 741 A.2d at 270 ("[P]roperty settlement agreement[s] * * * [are] governed by contract principles.").

Finally, with regard to Raymond's appeal of the award of attorney's fees, we note that the hearing justice never calculated them. We therefore remand the issue to the Family Court and direct that tribunal to address the basis for such an award and the calculation thereof.[8]

**B**

**Plaintiff's Cross-Appeal**

Carol contends that the hearing justice should have dismissed Raymond's appeal because it was improperly filed while her motion to alter or amend was still pending. In light of our affirmance of the hearing justice's decision in Carol's favor, her cross-appeal regarding the timeliness of Raymond's appeal is moot, and as such we will not decide it.

---

[8] To the extent the parties debate the existence of a justiciable issue under G.L. 1956 § 9-1-45(1), our finding of ambiguity as to the valuation date precludes the conclusion that there was "a complete absence of a justiciable issue of * * * law or fact." See Hemingway v. Hemingway, 698 A.2d 228, 230 (R.I. 1997) (affirming the denial of a prevailing party's request for attorney's fees after review of the record yielded no "complete absence of" a justiciable issue).

# IV

## Conclusion

For the foregoing reasons, we affirm the judgment of the Family Court as to the pension benefits and interest due plaintiff, and we remand the issue of attorney's fees, as well as the record, to that tribunal.


Justice Flaherty did not participate.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      Carol A. Maccarone v. Raymond J. Maccarone, Jr.

**CASE NO:**      No. 2013-369-Appeal.
No. 2013-370-Appeal.
(P 94-3292)

**COURT:**      Supreme Court

**DATE OPINION FILED:**  January 26, 2015

**JUSTICES:**      Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**  Providence County Family Court

**JUDGE FROM LOWER COURT**:

Associate Justice Laureen D'Ambra

**ATTORNEYS ON APPEAL:**

For Plaintiff: Russell Bramley, Esq.

For Defendant: Thomas M. Petronio, Esq.