July 24, 2024

Faith E. Jeremiah          :

v.                         :

Estate of Andrew A. Jeremiah.     :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Faith E. Jeremiah             :

v.                            :

Estate of Andrew A. Jeremiah.     :

Present:  Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ.

**O P I N I O N**

**Justice Lynch Prata, for the Court.**  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  In these post-final-judgment actions, the plaintiff, Faith E. Danielian (plaintiff or Ms. Danielian),[1] cross-appeals from the Family Court orders granting in part and denying in part the motion of the defendant, Andrew A. Jeremiah (defendant or Mr. Jeremiah),[2] for summary judgment as to the plaintiff's amended counterclaim and her prayers for relief.[3]  The plaintiff has also appealed from the Family Court order

---

[1] The plaintiff resumed her maiden name when the parties divorced in 1998.

[2] As discussed *infra*, Mr. Jeremiah passed away during the pendency of this appeal. His estate has been substituted as a party.

[3] In her cross-appeal, plaintiff has challenged the Family Court orders dated February 1, 2022, and March 17, 2022.  There were two separate orders entered regarding defendant's motion for summary judgment, plaintiff's amended counterclaim, and

dated March 17, 2022, which granted the defendant's motion to stay and denied the plaintiff's motions for bond and to release funds. The defendant initially filed an appeal from the February 1, 2022 Family Court orders, but was defaulted for his failure to file a prebriefing statement, and that matter was dismissed by this Court in August 2022. The defendant was conditionally defaulted for his failure to file a prebriefing counterstatement in this appeal prior to his death in February 2023. Therefore, only the plaintiff's cross-appeal is before us. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the orders of the Family Court.

## Facts and Travel

The parties to this appeal were married on June 27, 1976. There were no children born of the marriage. In 1997, plaintiff filed for divorce, citing irreconcilable differences that caused the irremediable breakdown of the marriage.

---

plaintiff's prayers for relief. "It is axiomatic that, with limited exceptions, a party can appeal only from a final judgment, decree, or order * * *." *Bank of New York Mellon v. Gosset*, 307 A.3d 861, 866 (R.I. 2024) (quoting *Coates v. Ocean State Jobbers, Inc.*, 18 A.3d 554, 561 (R.I. 2011)). In this case, the orders entered resolved the parties' dispute in its entirety and are sufficiently final for purposes of an appeal. *See Coates*, 18 A.3d at 561 ("[A] final judgment or order for purposes of appealability is one that terminates all the litigation arising out of the action between the parties on the merits.") (quoting *Retirement Board of Employees Retirement System of Providence v. Prignano*, 991 A.2d 412, 412 (R.I. 2010) (mem.)).

A marital settlement agreement (MSA) was executed by the parties and filed in June 1998. Thereafter, a decision pending entry of final judgment entered on July 9, 1998. On January 22, 1999, the final judgment of divorce entered. In relevant part, the final judgment provided that the MSA "shall not be made part of this Judgment but shall remain an independent contract."

With respect to the marital domicile, paragraph 7(A) of the MSA provided:

> "The parties are the owners of real estate located at 21 Lawn Acre Drive, Cranston, Rhode Island. Said property is held as tenants by the entirety and is not encumbered. Said real estate shall be forthwith transferred for the purpose of effectuating the sale of said real estate. Said property shall be listed forthwith with Realtor * * * at the list price of $240,000. * * * The Wife shall pay household expenses * * *."

Handwritten annotations to the agreement stated that the household expenses included the property taxes until the home was sold and that the parties were to divide evenly the net proceeds from the sale of the marital home. The MSA also indicated that the parties "shall split the pool bill." However, the marital home was not sold until 2019 after defendant filed a partition action in the Superior Court in 2013.[4] The home was sold, and each party was awarded $100,000 from the sale. The remaining net proceeds, $104,454.64, were deposited into the court registry.

---

[4] During the pendency of the partition action, defendant filed two other actions in Superior Court that sought a writ of replevin regarding a 1982 Mercedes Benz. Those actions are not before this Court.

Thereafter, defendant filed a post-final-judgment motion for specific performance. He alleged that plaintiff breached the MSA by (1) preventing his efforts to repair and improve the marital home, which caused a decrease in value; (2) refusing to equitably divide the household and personal property; and (3) refusing to return the 1982 Mercedes Benz. The defendant also asked for the release of the funds held in the court's registry after an evidentiary hearing to determine the alleged decrease in value of the marital home, equitable distribution of the furniture and furnishings in plaintiff's possession, return of the 1982 Mercedes Benz, and attorneys' fees.

In December 2019, the court referred the parties to mediation for distribution of their marital assets, to no avail. After defendant refused to participate in mediation sessions, plaintiff filed a motion to adjudge him in contempt for willful failure to comply with the court-ordered mediation and sought the property in her possession and attorneys' fees. The plaintiff then filed an amended answer and counterclaim to defendant's motion for specific performance; she claimed that defendant had breached the MSA, asked for reimbursement of one half of her expenses in maintaining the marital home before it was sold, and attorneys' fees. Ms. Danielian also disputed that her former spouse was entitled to possession of the 1982 Mercedes Benz.

Thereafter, Mr. Jeremiah filed an answer to plaintiff's counterclaim and a motion for summary judgment. He alleged that the language of the MSA was clear and unambiguous and that there was no provision that entitled plaintiff to reimbursement for one half of her out-of-pocket expenses related to the marital home. In response, Ms. Danielian objected, arguing that defendant breached paragraph 7(A) of the MSA by refusing to sign a listing agreement, which caused plaintiff to incur various expenses. She also argued that defendant failed to comply with the MSA by not making repairs and improvements to the property and alleged that defendant interfered with her attempts to preserve or repair the marital home dating back to 2016. The plaintiff argued that, due to defendant's breach of his obligation to sell, she incurred expenses for capital improvements and repairs— including a new boiler system, a new roof, an updated bathroom, new kitchen appliances, and other construction to the marital home for the last twenty years. She further argued that defendant breached the MSA by failing to pay his share of the expenses related to the upkeep and repairs to the pool and by filing a complaint for partition that caused her to accumulate additional and unnecessary costs. In addition, plaintiff alleged that defendant intentionally placed encumbrances on the home which delayed the sale and constituted a breach of the MSA.

Accordingly, plaintiff maintained that she was entitled to the remaining funds held in the court's registry and damages due to defendant's breach. With respect to

the Mercedes, plaintiff claimed she was entitled to storage costs and sixty percent of the vehicle's value if the court awarded the vehicle to defendant. Ultimately, plaintiff argued that defendant was not entitled to summary judgment because there were material facts in dispute.

A hearing on defendant's motion for summary judgment was held on December 6, 2021. The hearing justice narrowed the issues as follows: (1) defendant's alleged breach of the MSA and default for his failure to cooperate in listing the marital home for sale; (2) possession of the Mercedes Benz; (3) division of the remaining personal property; and (4) the pool bill. At the center of the parties' dispute was paragraph 7(A) of the MSA, which provided that plaintiff was responsible for household expenses, including the property taxes, that the parties "shall split the pool bill[,]" and that they shall divide evenly the net proceeds of the sale of their home. Notably, the agreement was silent regarding the parties' obligations for repairs and improvements to the marital domicile pending the sale if the repairs and improvements were not complete within thirty days.

The hearing justice was satisfied that the language of the MSA at issue was "clear and unambiguous"; however, with respect to the clause "[t]he parties shall split the pool bill[,]" she determined that to be ambiguous and stated she would address it separately. The court explained that plaintiff's remedy for defendant's alleged failure to comply with paragraph 7(A) of the MSA was to sue for specific

performance pursuant to *Riffenburg v. Riffenburg*, 585 A.2d 627 (R.I. 1991). In this matter, the hearing justice explained, plaintiff filed a motion to enforce paragraph 7(A) before the entry of final judgment, but never sued for specific performance or breach of contract after the final judgment entered. The hearing justice noted that plaintiff continued to reside in the home and had failed to exercise the proper remedy to enforce the MSA.

The hearing justice granted defendant's motion for summary judgment and denied plaintiff's request for reimbursement of her counsel fees, commission costs, and other expenses related to capital repairs, reasoning that the MSA was silent on the parties' obligations regarding these expenses. With respect to plaintiff's claim to the 1982 Mercedes Benz, it was denied and dismissed, and defendant was awarded "all right, title and interest * * * forthwith." The hearing justice denied defendant's motion as to the pool bill referenced in the MSA because there was a genuine issue of material fact regarding whether paragraph 7(A) referenced one specific pool bill or the ongoing expenses for the upkeep of the pool. Likewise, defendant's motion regarding plaintiff's claim that he breached the terms of the MSA was denied due to "his failure to mediate." An order entered, and a hearing was to be held at a later date regarding a motion to adjudge the defendant in contempt for failure to comply with the Family Court's previous order regarding the division of personal property, household furniture, and other effects.

After a hearing on February 1, 2022, where the parties were heard on the remaining issues, two orders entered. The first order granted in part and denied in part defendant's motion for summary judgment consistent with the hearing justice's bench decision. The subsequent order detailed the distribution of the funds and remaining assets. Specifically, the order provided that "each party is awarded one-half of [the] funds ($52,092.32), adjusted for the offsets described herein[.]" The plaintiff was awarded an additional $4,275, to be deducted from defendant's share of the proceeds, reflecting (1) one-half of the pool bill, or $375;[5] (2) fifty percent of her storage costs from the date of closing through May 10, 2021, and one hundred percent of the storage costs from May 10, 2021, until the end of December 2021, in the amount of $3,875; and (3) storage costs from January to February 2022, or $400. The order also awarded plaintiff counsel fees in the amount of $5,500. In sum, plaintiff was awarded $62,242.32 of the $104,184.64 of the proceeds from the sale of the home, and the remaining $41,942.32 was awarded to defendant after adjusting for the described offsets. Lastly, plaintiff was granted all personal property in her possession, including the personal property formerly at the marital domicile, "free and clear of any claim of [d]efendant."

---

[5] At a hearing on December 8, 2021, after having reviewed the transcript from the 1998 nominal divorce hearing, the hearing justice determined that the language in paragraph 7(A) referenced one specific pool bill.

The defendant, acting *pro se*, filed a timely notice of appeal of the Family Court's February 1, 2022 orders. Thereafter, plaintiff filed a motion for bond and a motion to release funds, which were denied without prejudice. The defendant filed a motion to stay on March 2, 2022, which was granted. Then plaintiff, acting *pro se*, filed a cross-appeal of the Family Court's February 1, 2022, and March 17, 2022 orders. This Court dismissed defendant's initial appeal in August 2022 after he failed to file a prebriefing statement. The plaintiff proceeded on her cross-appeal; however, defendant was conditionally defaulted once again for his failure to file a prebriefing counterstatement. In November 2023, the Administrator of the Estate of Andrew Jeremiah filed a suggestion of death with this Court.[6]

### Standard of Review

"This Court reviews a decision granting a party's motion for summary judgment *de novo*." *Nissensohn v. CharterCARE Home Health Services*, 306 A.3d 1026, 1033 (R.I. 2024) (quoting *Citizens Bank, N.A. v. Palermo*, 247 A.3d 131, 133 (R.I. 2021)). "We assess the matter 'from the vantage point of the trial justice, viewing the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm.'" *Id.* (brackets and

---

[6] The administrator of defendant's estate did not file any substantive documents in this case, but appeared at oral argument at the request of this Court to answer any questions the Court might have.

deletions omitted) (quoting *Citizens Bank, N.A.*, 247 A.3d at 133). "Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that proves the existence of a disputed issue of material fact." *Id.* (quoting *Citizens Bank, N.A.*, 247 A.3d at 133).

**Discussion**

Before us, plaintiff, acting *pro se*, challenges the hearing justice's decision to grant summary judgment for defendant on her claim that she was entitled to fifty percent of the expenses and capital improvements to the marital home based on defendant's breach of paragraph 7(A) of the MSA. The plaintiff also challenges the hearing justice's (1) decision to award the Mercedes to defendant; (2) failure to award $14,000 in storage fees for the household and personal property items in the marital domicile at the time of the sale; (3) failure to find defendant "in breach of his contractual obligations when he would not comply with the MSA terms and conditions that had been ordered by [the] Family Court []"; and (4) failure to adjudge defendant in contempt. However, plaintiff has merely made conclusory assertions and failed to provide any authority to support her position on these issues. Further, plaintiff has not made any arguments challenging the March 17, 2022 order.

"A property settlement agreement that is not merged into a divorce judgment retains the characteristics of a contract." *Maccarone v. Maccarone*, 108 A.3d 1053,

1056 (R.I. 2015) (quoting *DiPaola v. DiPaola*, 16 A.3d 571, 576 (R.I. 2011)). "The existence of ambiguity in a contract is a question of law." *Id.* (quoting *Paul v. Paul*, 986 A.2d 989, 993 (R.I. 2010)). "[T]he holding of a trial court (including the Family Court) about the existence or nonexistence of ambiguity in the terms of the contract is freely reviewable by this Court." *Id.* (quoting *Paul*, 986 A.2d at 993). "Therefore, the trial justice's conclusions on questions of law are reviewed *de novo*." *Id.* (quoting *Carney v. Carney*, 89 A.3d 772, 775 (R.I. 2014)). "On the other hand, 'we afford deference to the trial justice's findings of fact and will disturb them only if she misconceived the relevant evidence or was otherwise clearly wrong.'" *Id.* (quoting *Carney*, 89 A.3d at 775).

"[S]ince [a] nonmerged separation agreement has the characteristics of a contract and not a court judgment, the remedy for a party aggrieved by nonperformance of the contract is to sue for specific performance in a breach of contract action." *Riffenburg*, 585 A.2d at 630. In her papers, plaintiff claims that defendant had a "plan to obstruct and control the implementation of the MSA contract" and that his refusal to sign the listing agreement caused her to incur unnecessary and expensive legal fees. Yet, plaintiff failed to pursue the remedy available to her when defendant failed to sign the listing agreement or cooperate with her attempts to sell the marital home. Indeed, at the hearing on December 6, 2021, plaintiff's counsel conceded that she did not seek specific performance in response

- 11 -

to defendant's breach. Moreover, pursuant to paragraph 7(A) of the MSA, plaintiff assumed the household expenses until the home was sold. As the hearing justice explained, the parties' agreement was clear and unambiguous, was silent with respect to the parties' obligations for property improvements or repairs beyond the initial thirty days in which defendant was supposed to make repairs, and plaintiff had exclusive use and possession of the property. Furthermore, the proper remedy for defendant's alleged breach of the MSA was to sue for specific performance. *See Riffenburg*, 585 A.2d at 630. Accordingly, we discern no error with the hearing justice's grant of summary judgment for defendant as to plaintiff's claim that she was entitled to fifty percent of the expenses and capital improvements to the marital home based on defendant's breach of the MSA because it is undisputed that she did not pursue specific performance in response to defendant's alleged breach.

With respect to the hearing justice's decision to award defendant "all right, title and interest" in the 1982 Mercedes Benz, we discern no error. At the December 6, 2021 hearing, the parties stated their respective positions on possession of the vehicle. The defendant argued that he was entitled to possession of the vehicle based on an order that awarded him the Mercedes prior to the final divorce decree. The plaintiff's attorney countered that the decision pending entry of final judgment governs and supersedes prior orders. Nevertheless, as the hearing justice explained, "the contract is silent about the Mercedes Benz." Accordingly, she took judicial

notice of the prior court order that awarded defendant possession of the Mercedes and awarded defendant possession of the automobile.

Although plaintiff argues that the hearing justice failed to award $14,000 in storage fees for the household and personal property items in the marital domicile at the time of the sale, this issue was not raised at the hearing on December 6, 2021, when the parties were heard on the issues related to the sale of their marital domicile, defendant's alleged breach, and the distribution of their remaining assets. In addition, plaintiff was awarded fifty percent of her storage costs as to those items from the date of closing through May 10, 2021, and one hundred percent of her storage costs from May 10, 2021, until the end of December 2021 ($3,875), and $400 for storage costs incurred for the household and personal property items for January and February 2022. The plaintiff was awarded a total of $4,275 for her storage costs as to those items. With respect to the additional storage fees plaintiff now alleges she incurred ($14,000), these additional costs were not raised at the operative hearing.

According to our well-settled raise-or-waive rule, "[e]rrors not claimed, questions not raised and points not made ordinarily will be treated as waived and not be considered by the Court." *McMahon v. Deutsche Bank National Trust Company*, 131 A.3d 175, 176 (R.I. 2016) (mem.) (quoting Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure). This Court will not "search the record to

- 13 -

substantiate that which a party alleges." *Id.* (quoting *Riley v. Stone*, 900 A.2d 1087, 1098 n.14 (R.I. 2006)). A party "simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." *Id.* (brackets omitted) (quoting *Wilkinson v. State Crime Laboratory Commission*, 788 A.2d 1129, 1131 n.1 (R.I. 2002)). As such, we need not address plaintiff's argument related to the additional storage costs incurred for personal property that was at the marital domicile at the time of the sale because she failed to address these costs in the lower court and has not adequately developed her argument before this Court. *See id.*

Lastly, the plaintiff challenges the hearing justice's failure to adjudge the defendant in contempt and "in breach of his contractual obligations when he would not comply with the MSA terms and conditions that had been ordered by [the] Family Court[.]" However, the plaintiff's counsel did not press for contempt at the December 6, 2021 hearing. Moreover, at the February 1, 2022 hearing, the hearing justice explained that she could not rule on a motion to adjudge in contempt because the defendant was not present on that date and he was entitled to "an opportunity to appear." Accordingly, we discern no error in the hearing justice's decision in that regard.

- 14 -

**Conclusion**

For the foregoing reasons, we affirm the orders of the Family Court. The papers may be remanded to the Family Court for further proceedings consistent with this opinion.

Justice Long did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Faith E. Jeremiah v. Estate of Andrew A. Jeremiah. |
| **Case Number** | No. 2022-141-Appeal.<br>(P 97-1664) |
| **Date Opinion Filed** | July 24, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Kent County Family Court |
| **Judicial Officer from Lower Court** | Associate Justice Debra E. DiSegna |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Faith E. Jeremiah, *pro se*<br>For Defendant:<br><br>William V. Devine, Jr., Esq. |